ROGER J. STROLLO ET AL. *v.* MARIE T.
IANNANTUONI ET AL.
(AC 18551)

O'Connell, C. J., and Landau and Sullivan, Js.

Argued March 18—officially released June 8, 1999

*Kevin J. Hecht,* for the appellants (plaintiffs).

*Walter A. DeAndrade,* for the appellees (defendants).

*Opinion*

O'CONNELL, C. J. The plaintiffs appeal from the trial court's judgment granting them an easement by necessity across the defendants' property. The plaintiffs claim that the trial court improperly limited the scope of the easement to twenty feet in width, and restricted the use of the easement to benefit only farming and recreational activities. We affirm the judgment of the trial court.

In their complaint, the plaintiffs allege that they "do not have an unobstructed, open or reliable means of ingress or egress to their property except over the defendants' property which fronts on Marion Road, and without such access their property is effectively land-locked." On appeal, the parties do not dispute the existence of a legal foundation for the imposition of an easement by necessity over the defendants' property. The sole issue, is whether the easement should have been fifty feet, not twenty feet, in width and whether the easement should not have been limited to benefit farming and recreational activities on the plaintiffs' property.[1]

The determination of the scope of an easement is a question of fact. *Gioielli* v. *Mallard Cove Condominium Assn., Inc.,* 37 Conn. App. 822, 833, 658 A.2d 134 (1995). "When the factual basis of a trial court decision

---

[1] The trial court's order stated: "There shall be an easement by necessity located on the northerly border of defendants' property, which is shown as parcel 1 in exhibits I and S, and directly adjacent to the southerly border of Bird Lane, 20' in width and extending westerly 400' feet from Marion Road to the easterly border of the plaintiffs' property, which is shown as Parcel 10 in exhibits I and S. The plaintiffs shall bear the burden of creating and maintaining this right-of-way. The purpose of this easement is to provide beneficial use of the land for farming and recreational activities, as permitted by the zoning laws of the Town of Cheshire. It is subject to the common law regarding continuing necessity."

is challenged, our scope of review is limited to a determination of whether the facts set out in the memorandum of decision are supported by the evidence, or whether, in light of the evidence and pleadings in the whole record, those facts are clearly erroneous." Id., 823.

The record discloses that the plaintiffs' land historically had been used solely for agricultural pursuits and that the plaintiffs never alleged any claim to change the use of their property. The trial court found, however, that the plaintiffs were considering a major alteration in their property's use. In the memorandum of decision, the trial court stated in relevant part: "Roger Strollo testified that he would like to put a subdivision on his property and requires a fifty foot wide easement to do so. The court does not agree, however, that it is reasonably essential to the plaintiffs' use of their property to impose an easement of necessity that is fifty feet wide on the defendants' property simply to accommodate the plaintiffs' desire to profit from a potential subdivision. Moreover, the creation of such a right-of-way would work a serious inequity on the defendants."

The trial court continued that "[i]n considering of the surrounding circumstances, the nature of the land and the conduct of the parties, and in balancing the equities present in this case, the court concludes there is a reasonable necessity for a right-of-way over the defendants' land to accommodate the farming and recreational activities for which this land seems eminently suited. The court will order an easement by necessity in accordance with this conclusion."

The "use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit." (Internal quotation marks omitted.) *Kuras* v. *Kope*, 205 Conn. 332, 341, 533 A.2d 1202 (1987). "The decision as to what

would constitute a reasonable use of a right-of-way is for the trier of fact whose decision may not be overturned unless it is clearly erroneous." (Internal quotation marks omitted.) *Gioielli* v. *Mallard Cove Condominium Assn., Inc.*, supra, 37 Conn. App. 833. The trial court found that a twenty foot wide right-of-way was sufficient to allow a reasonable and beneficial use of land and that the property has always been used in accordance with the zoning regulations that permit farming and recreational use. We hold that the trial court's conclusion was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.