GRACE W. PERKINS *v.* ARTHUR FASIG ET AL.
(AC 18612)

Schaller, Spear and Dupont, Js.

Argued November 1, 1999—officially released March 28, 2000

*Douglas J. Lewis*, for the appellants (defendant Terri-Ann Fasig McLaughlin et al.).

*Michael R. Kaufman*, with whom was *Marvin Borofsky*, for the appellant (plaintiff).

*Opinion*

DUPONT, J. The primary issue of this appeal is whether the defendants Terri-Ann Fasig McLaughlin and Cheryl Mollica have implied easements over a portion of a roadway owned by the plaintiff. The plaintiff, Grace W. Perkins, brought this action to quiet title and to enjoin permanently all of the defendants from passing over a portion of the plaintiff's land known as Spinning Wheel Lane in New Fairfield.[1] The plaintiff also claimed

---

[1] Arthur Fasig also was a defendant in this action. He did not claim an easement by implication over Spinning Wheel Lane in either his counterclaim at trial or in his brief to this court, nor did he seek an easement as relief in his counterclaim. According to the defendants' brief, the appeal concerns "the failure of the court to find that [the defendants] possessed an easement by implication over [the] plaintiff's portion of Spinning Wheel Lane." The trial court held that the plaintiff has title to that portion of Spinning Wheel

adverse possession of another portion of Spinning Wheel Lane owned by the defendant Arthur Fasig. The trial court rendered judgment (1) granting the plaintiff ownership of that portion of Spinning Wheel Lane claimed by her in her complaint,[2] and enjoining all of the defendants from passing and repassing over that portion of Spinning Wheel Lane, and (2) for the defendant Arthur Fasig as to the plaintiff's adverse possession claim.[3] The defendants filed a counterclaim to establish and enforce their claims of easements over the portion of Spinning Wheel Lane owned by the plaintiff. The court rendered judgment for the plaintiff on the defendants' counterclaim. The defendants appeal from the failure of the court to conclude that they have easements by implication.

Lane involved in the parties' dispute, and the defendant Arthur Fasig has not appealed from that judgment. As used in this opinion, the word defendants refers to Terri-Ann Fasig McLaughlin and Cheryl Mollica, except as otherwise indicated.

[2] The corrected judgment file states in relevant part: "The plaintiff, Grace W. Perkins, is the owner in fee simple, of lot nos. 16 and 17 as shown on map no. 252 on record in the office of the town clerk of the town of New Fairfield ('hereinafter map no. 252'), together with a portion of the roadway known as Spinning Wheel Lane bounding on the said lots nos. 16 and 17, which portion of said roadway is bounded and described as follows: 'Starting at a point on the southerly side line of lot no. 17 distant 50 feet from the dividing line between lot no. 16 and 17 and running a southerly direction to a point in the middle of the north line of lot no. 18, thence easterly along the boundary lines of lots nos. 18, 31 and 32 (being also the line of said roadway) to the dividing line between lots nos. 32 and 34, thence in a westerly direction to the point of intersection of the northerly and easterly side lines of lot no. 17, thence along the easterly and southerly lines of said lot no. 17 to the point or place of beginning.' All references to lot nos. as aforesaid are to lots shown on map no. 252.

"The aforesaid portion of Spinning Wheel Lane found to be owned in fee simple by the plaintiff is further shown as Parcel X on a certain map entitled 'Survey of Property Prepared for Grace W. Perkins, Dick Finn Road, Town of New Fairfield,' Dated November 18, 1992, Scale 1" = 30', prepared by Paul A. Hiro, Licensed Land Surveyor, a copy of which is attached hereto as Exhibit 'A.'"

[3] The plaintiff has not appealed from that portion of the judgment for the defendant Arthur Fasig.

The court relied on *Stankiewicz* v. *Miami Beach Assn., Inc.*, 191 Conn. 165, 464 A.2d 26 (1983), and held that because, at the time of the conveyances to the defendants, the defendants' grantor did not have title to the subservient estate, namely the contested portion of Spinning Wheel Lane, the defendants could not acquire any easement over it. Thus, the court correctly applied the unity of title rule as mandated by *Stankiewicz*, which was the law at the time of the decision in this case.

The *Stankiewicz* case was decided in 1983 and relies on *Curtin* v. *Franchetti*, 156 Conn. 387, 242 A.2d 725 (1968). Our Supreme Court on August 10, 1999, decided *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, 250 Conn. 135, 144–45, 735 A.2d 798 (1999) (en banc), which changed the decisional law established in *Stankiewicz* by abandoning the unity of title doctrine.

The property of both the plaintiff and the defendants was once a single parcel owned by Charles B. Carlson and Mabel F. Carlson (Carlsons). On May 23, 1952, a map of the parcel, subdividing the land into thirty-five parcels, was recorded in the town clerk's office in New Fairfield. The map showed three proposed roads, one of which was Spinning Wheel Lane, all of which would intersect with Dick Finn Road. The plaintiff owns lots 16 and 17, and the defendants own lots 34 and 35, as shown on that map.

The plaintiff acquired lot 16 in 1960 and lot 17 in 1976. The defendants acquired their lots in May, 1992. The court found that the plaintiff obtained a fee interest in lot 17 and a fee interest in that portion of Spinning Wheel Lane in dispute, and that she owned both the lot and the roadway at the time the defendants purchased their lots.

We must first decide whether *Bolan* may be applied retroactively. *Bolan* was decided after the court in the

present case rendered judgment and after the appeal was taken and the briefs filed, but before any appellate judgment had been rendered.

Judgments rendered in decisions that are not limited by their terms to prospective application in other cases usually are applied retroactively to other cases pending at the time. *Marone* v. *Waterbury*, 244 Conn. 1, 10–11, 707 A.2d 725 (1998). The issue of retroactivity of decisional law is a question of policy to be decided by a state's Supreme Court, and may be decided by the policy consideration of whether litigants could be deemed to have relied on past precedent or whether the "new" resolution of an "old" issue was foreshadowed, or whether equity, given the particular facts, requires a prospective application only. See id.; *Amodio* v. *Amodio*, 56 Conn. App. 459, 472–73, 743 A.2d 1135 (2000); *Jacque* v. *Steenberg Homes, Inc.*, 209 Wis. 2d 605, 622–25, 563 N.W.2d 154 (1997); 5 Am. Jur. 2d, Appellate Review § 790 (1995).

As is noted in *Bolan*, the Supreme Court had hinted, in cases decided after *Stankiewicz*, that the court might abandon the unity of title doctrine. See *Abington Ltd. Partnership* v. *Heublein*, 246 Conn. 815, 829, 717 A.2d 1232 (1998); *Branch* v. *Occhionero*, 239 Conn. 199, 202 n.4, 681 A.2d 306 (1996); *Carbone* v. *Vigliotti*, 222 Conn. 216, 223–24, 610 A.2d 565 (1992); *Ozyck* v. *D'Atri*, 206 Conn. 473, 479, 538 A.2d 697 (1988). Because *Bolan* was foreshadowed by these cases, there is good reason to conform to the general rule that allows *Bolan* to be applied retroactively. See *State* v. *Payton*, 8 Conn. App. 345, 350, 512 A.2d 976 (1986).

The present case is pending and lacks a final appellate judgment until such time as this court and the Supreme Court, should a petition for certification be granted, affirm or reverse the trial court's judgment. We conclude, on the basis of factors present here, that we

should apply *Bolan* retroactively and determine whether the defendants have easements as claimed, unfettered by the application of the doctrine of unity of title.[4] See *Marone* v. *Waterbury*, supra, 244 Conn. 10–11. The *Bolan* court, having rejected the unity of title doctrine, then decided whether an easement existed based on the intent of the common grantor as manifested in the relevant deeds and maps.

We, therefore, next determine whether there was an intent to establish easements. We do so by an examination of the deeds, maps and recorded instruments introduced as evidence. Intent as expressed in deeds and other recorded documents is a matter of law. *Contegni* v. *Payne*, 18 Conn. App. 47, 51, 557 A.2d 122, cert. denied, 211 Conn. 806, 559 A.2d 1140 (1989); *Grady* v. *Schmitz*, 16 Conn. App. 292, 295–96, 547 A.2d 563, cert. denied, 209 Conn. 822, 551 A.2d 755 (1988). This court, therefore, can decide whether the documents here show an intent to grant easements to the defendants without the necessity of remanding the question to the trial court.

*Whitton* v. *Clark*, 112 Conn. 28, 151 A. 305 (1930), is instructive in deciding the question of whether the defendants have a right to the easements because that portion of Spinning Wheel Lane owned by the plaintiff must be kept open for their use. That case refers to the "well settled" law that "where an owner of land causes a map to be made of it upon which are delineated separate lots and streets and highways by which access may be had to them, and then sells the lots, referring

---

[4] *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, supra, 250 Conn. 135, involved a parcel that would have been landlocked without an easement over other land. Although the case speaks of an "access easement," there is nothing in the decision to indicate that the abandonment of the unity of title rule applies only to inaccessible land, as opposed to land that is not landlocked but reachable by passing and repassing over subservient land, as well as by other roadways.

in his conveyances to the map, the lot owners acquire the right to have the streets and highways thereafter kept open for use in connection with their lands." Id., 32. If a grantor promulgates a general plan for the development of a tract and the plan designates streets by which the lots on the plan may be reached, the lot owners have an enforceable right to use the street to reach their lots. Id., 35. The *Whitton* court states, "[h]ere the test must be the intention of the owner in creating the restrictions upon any lot to make the benefit of them available not to himself but to the owners of the other lots in the tract." Id., 36.

The plaintiff's predecessors in title and the original owners of the thirty-five parcels of land sold lots in the development by deeds that referred to the 1952 map and referred to recorded, revised restrictions dated January 22, 1954. The 1952 map shows that lots 34 and 35, now owned by the defendants, do not front on Spinning Wheel Lane but on a "proposed road" that adjoins Spinning Wheel Lane. The lots are inaccessible to any public road without an easement to pass and repass over the proposed road and Spinning Wheel Lane. The recorded restrictions dated April 3, 1953, and the recorded, revised restrictions dated January 22, 1954, clearly relate to the sale of building lots for single-family residences. Such use would be impossible if a single-family dwelling did not have access to a roadway as shown on the map. The 1954 revised restrictions state that the grantors, the Carlsons, reserve the right to close any streets, lanes or trails as shown on the 1952 map, "providing said streets, lanes or trails are not ones upon which the plot to be conveyed has frontage." A deed from the Carlsons, the original developers, to the plaintiff's predecessor in title states that the conveyance is subject to the revised restrictions dated January 22, 1954. The restrictions predate the conveyances to the plaintiff, and the plaintiff took title subject to the restric-

tions. The quoted language clearly implies that plots to be conveyed in the future with frontage on a street, lane or trail cannot be prevented from passing over such streets, lanes or trails, as shown on the 1952 map. Because the language establishes intent as a matter of law, we need not remand the case to the trial court. We have before us all of the documents necessary for our determination and which would be before the trial court on a remand.

The defendants were not given express easements by deed over Spinning Wheel Lane. We conclude, however, that they have implied easements to pass and repass over that portion of the plaintiff's land known as Spinning Wheel Lane. The intent that they enjoy such easements can be implied from the maps, deeds and other recorded instruments submitted into evidence. "There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." *Kenny* v. *Dwyer*, 16 Conn. App. 58, 64, 546 A.2d 937, cert. denied, 209 Conn. 815, 550 A.2d 1084 (1988); see also Ballentine's Law Dictionary (3d Ed. 1969) p. 569. The recorded instruments in this case manifest an intent to grant an easement necessary for the beneficial use and enjoyment of the defendants' property, otherwise landlocked.

The *Bolan* court, after deciding that the unity of title doctrine should no longer be used in Connecticut to prevent the creation of an easement when intended by the parties, next decided that the deeds and maps accompanying the deeds in that case manifested an intent to create an easement. That court then ordered a new trial, rather than decide itself the extent and nature of the easement. Although the intent of a grantor to create an easement as expressed in deeds, maps and recorded instruments is a question of law, those

documents must be considered in light of the surrounding circumstances to determine the nature and extent of the easement. See *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, supra, 250 Conn. 142–47. Although it is not clear whether the parties are at issue over the nature and extent of the easements, the surrounding circumstances here are likely to require findings of fact that we, as an appellate court, should not make.

The judgment on the plaintiff's complaint is reversed only as to the injunction issued against the defendants Terri-Ann Fasig McLaughlin and Cheryl Mollica; the judgment on the counterclaim denying the claims by the defendants Terri-Ann Fasig McLaughlin and Cheryl Mollica for easements is reversed and the case is remanded with direction to render judgment finding easements by implication in favor of the defendants Terri-Ann Fasig McLaughlin and Cheryl Mollica and for further proceedings to determine the nature and extent of those easements.

In this opinion the other judges concurred.