ALISTAIR GEMMELL ET AL. *v.* DENNIS LEE ET AL.
(AC 19616)

Landau, Spear and Freedman, Js.

Submitted on briefs April 24—officially released August 29, 2000

*David A. Leff* and *William F. Dow III* filed a brief for the appellants (named defendant et al.).

*Michele R. Celentano* and *Morton J. Dimenstein* filed a brief for the appellees (plaintiffs).

*Opinion*

FREEDMAN, J. The defendants[1] appeal from the judgment of the trial court quieting title in the plaintiffs[2] to a right-of-way over property known as Glen Road in Orange and enjoining the defendants from interfering with the plaintiffs' right-of-way. We affirm the judgment of the trial court.

The plaintiffs brought this action to quiet title to an easement over a proposed road or private right-of-way

---

[1] This action was brought against a number of property owners who have an interest in the subject property. Only the defendants Thomas O'Donnell, Susan O'Donnell, Dennis Lee, Valerie Lee, Robert Lehet and Roberta Lehet have appealed. We refer in this opinion to those defendants as the defendants.

[2] The plaintiffs are Alistair Gemmell and Dorothy Gemmell.

known as Glen Road. The plaintiffs claimed that the defendants were interfering with their right to make use of the proposed road and encroaching on their property.[3] The trial court found for the plaintiffs, reciting the following findings of fact.

"All of the properties owned by the parties descend from a common owner, one Mary Gracy. The various deeds from Mary Gracy to the parties herein form the basis for this dispute.

"The deed from Mary Gracy to the plaintiffs' predecessor in title contains a description of the property conveyed setting forth its various boundaries, some of which are described as bordering on a certain 'right of way.' . . . There is no specific reference in the deed to any right of passage or use over said right-of-way. The deed does, however, contain a referral to a map, alleged to be of record, for a further description of the property. The reference reads as follows: 'The above parcel is fully described and reference is here had to a map entitled "Gracy, Orange, Conn., scale 1 [inch] - 40 [feet], July, 1929, Wynne & Hahn, Civil Engineers and Surveyors" on file in the Orange Town Clerk's Office.' All of the deeds but one in the plaintiffs' chain of title contain this reference to the map of July, 1929.

"Subsequently, the deeds to the defendants or their predecessors in title refer not only to the map but also refer to the right through over and upon said right of way. An example of such grant is found in the deed to the defendant Joan Somers:[4] '[T]ogether with a right of

---

[3] The plaintiffs alleged in their complaint that the defendants had blocked Glen Road by the parking and storage of vehicles and other debris, thereby preventing the plaintiffs from using the right-of-way to gain access to their land, and further that the defendants had encroached on the plaintiffs' land by this parking and storage. The plaintiffs sought an injunction restraining the defendants from interfering with their right-of-way and from encroaching on their land.

[4] Joan Somers was a defendant in the trial court, but she is not involved in the present appeal.

way for all purposes whatsoever, in common with Mary Gracy, her heirs and assigns, and in common with all others to whom a similar right may have been heretofore granted, or may hereafter be granted in, through, over and upon that portion of said right of way 25 feet in width, as herein mentioned, and as the same is shown on a Map entitled "Gracy, Orange, Conn., Scale 1 inch equals 40 feet, July, 1929, Wynne & Hahn, Civil Engineers," on file in the Orange Town Clerk's Office. . . .'

"Over the years, the 'Proposed road' or 'right-of-way' has become known as Glen Road, and several of the deeds refer to the right in common with others to the use of Glen Road."

The court framed the issue as "whether a reference, in a deed, to a map alleged to be on file in the Orange Town Clerk's Office, by itself and without any specific grant conveys an interest in a proposed road depicted thereon, said road being bounded on the property being conveyed." The court answered that question in the affirmative and concluded that the plaintiffs have an easement over Glen Road that gives them access to the rear of their property.

"[T]he law is well settled that where an owner of land causes a map to be made of it upon which are delineated separate lots and streets and highways by which access may be had to them, and then sells the lots, referring in his conveyances to the map, the lot owners acquire the right to have the streets and highways thereafter kept open for use in connection with their lands." *Whitton* v. *Clark*, 112 Conn. 28, 32, 151 A. 305 (1930). "If a grantor promulgates a general plan for the development of a tract and the plan designates streets by which the lots on the plan may be reached, the lot owners have an enforceable right to use the street to reach their lots. Id., 35. The *Whitton* court states, '[h]ere the test must be the intention of the owner

in creating the restrictions upon any lot to make the benefit of them available not to himself but to the owners of the other lots in the tract.' Id., 36." *Perkins* v. *Fasig*, 57 Conn. App. 71, 77, 747 A.2d 54, cert. denied, 253 Conn. 925, 754 A.2d 797 (2000).

Because the plaintiffs were not given an express easement over Glen Road, we must consider whether they have an easement by implication. "There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." (Internal quotation marks omitted.) Id., 78. We determine whether the grantor intended to establish an easement "by an examination of the deeds, maps and recorded instruments introduced as evidence. Intent as expressed in deeds and other recorded documents is a matter of law." Id., 76. "We must also examine the facts found by the court as relevant to the establishment of the particular dimensions of the easement." *Mandes* v. *Godiksen*, 57 Conn. App. 79, 83, 747 A.2d 47, cert. denied, 253 Conn. 915, 754 A.2d 164 (2000); see also *Perkins* v. *Fasig*, supra, 57 Conn. App. 78–79 ("[a]lthough the intent of a grantor to create an easement as expressed in deeds, maps and recorded instruments is a question of law, those documents must be considered in light of the surrounding circumstances to determine the nature and extent of the easement").

As previously stated, the deed from Mary Gracy to the plaintiffs' predecessor in title contains a reference to the map[5] for a further description of the property. An examination of the map reveals the "proposed road" over which the plaintiffs claim an easement. As the court noted, "the road terminates at a point well north

---

[5] Although the map is dated July, 1929, it was recorded in the town clerk's office in Orange on September 10, 1938.

of plaintiffs' southerly boundary, a point well within the property owned by the plaintiffs. In fact, this extension continues well past the right-of-way exercised by the defendants. For a substantial distance, the plaintiffs own on both sides of the Proposed Road. Circumstances existing at the time of the transfer of title would indicate some use of the Road by the plaintiffs was anticipated by the grantor." We conclude, on the basis of our review of the deed, map and circumstances surrounding the conveyance to the plaintiffs' predecessor in interest, that it was the intent of the grantor to create an easement over Glen Road.

We next examine the second factor in determining whether an easement by implication has arisen. "[I]n so far as necessity is significant [for an easement by implication] it is sufficient if the easement is highly convenient and beneficial for the enjoyment" of the dominant estate. (Internal quotation marks omitted.) *D'Amato* v. *Weiss*, 141 Conn. 713, 717, 109 A.2d 586 (1954); *Schultz* v. *Barker*, 15 Conn. App. 696, 701, 546 A.2d 324 (1988). Regarding the benefit to the plaintiffs, the court heard evidence and noted that the rear portion of the plaintiffs' property had a sharp slope to it, and that the plaintiffs had made use of the right-of-way for access to the rear of their property for the purpose of farming the rear portion of the property since approximately 1935. In addition, the plaintiffs' son testified that he gained access to the rear of the plaintiffs' property for gardening by using a pickup truck over Glen Road from approximately 1975 to 1990. We conclude that the easement is reasonably necessary for the use and normal enjoyment of the plaintiffs' property and that the trial court properly concluded that the plaintiffs have an easement over the property known as Glen Road.

We also agree with the court's conclusion that the defendants failed to prove their special defenses of adverse possession and the statute of limitations.

With regard to their special defense of adverse possession, the defendants claimed that because they had used and enjoyed Glen Road to the exclusion of all others for more than fifteen years, they acquired sole and exclusive rights to Glen Road. The defendants argued that through adverse possession they had acquired legal title to Glen Road, including the claimed areas of encroachment. "The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. . . . Adverse possession must be proven by the claimant . . . by clear and convincing evidence." (Citations omitted; internal quotation marks omitted.) *Kramer* v. *Petisi,* 53 Conn. App. 62, 67, 728 A.2d 1097, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). The court found that the defendants had failed to satisfy their burden of proof on this issue, noting initially that all of the defendants have an explicit easement in Glen Road and, therefore, their use was not without the license or consent of the owner. The court further found that the defendants had failed to prove that the plaintiffs had been ousted of any easement that they had claimed in Glen Road. Specifically, the court found that the plaintiffs had used the right-of-way for farming as far back as 1935 and, further, that the plaintiffs had used the property unimpaired until 1991 or 1992, when access to the property was blocked by cars.

The defendants also claimed that because the plaintiffs and their predecessors had failed to make entry onto Glen Road within fifteen years of the defendants' possession of Glen Road and to institute an action within one year of their entry, the plaintiffs' claim that they had the right to use the road was barred by the statute of limitations contained in General Statutes § 52-575. That statute gives a person ousted from possession

fifteen years from the date of ouster to enter the land and give notice of his intention to prevent the acquisition of the land by the other. The statute sets one year from the date of notice for the commencement of an action to quiet title. The court found that the plaintiffs had not been ousted and that their use of the road had been unimpaired until 1991 or 1992. This action was filed in 1992. Under these circumstances, it is clear that the court properly found that the plaintiffs' action to quiet title was not barred by the statute of limitations in § 52-575.

The defendants' final claim is that the plaintiffs failed to prove that their use of Glen Road was open, visible and uninterrupted for fifteen years. As to this claim, we simply note that the court did not conclude that the plaintiffs had obtained a prescriptive easement or an easement by adverse possession. The plaintiffs, therefore, had no duty to prove that their use of Glen Road was open, visible and uninterrupted for fifteen years. This claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.