[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 6, 2000, the plaintiff, Christian McNeil, filed a complaint against the defendants, Robert L. Silverman and Esther-Grace Silverman. The plaintiff alleges that he is the owner of 2.6 acres of land in the town of Weston. The plaintiff also alleges that the parcel of land does not have access to a public highway but for an appurtenant easement over the defendants' parcel. The plaintiff further alleges that every deed of conveyance in the plaintiff's chain of title includes an easement over the defendants' land. In addition, the plaintiff alleges that every deed of conveyance in the defendants' chain of title, including the defendants' predecessor's deed, is expressly subject to "easements of record." Alternatively, the plaintiff alleges that, even if the plaintiff's land does not enjoy an express easement, the court should find on equitable grounds that the land enjoys an easement by implication or by reasonable necessity.
The plaintiff further alleges that the defendants refuse to recognize the plaintiff's right to use the defendants' property to reach the public highway, and that this denial of the easement has deprived his land of all value and utility. The plaintiff seeks a declaratory judgment that the plaintiff's land enjoys an easement appurtenant or, alternatively, is entitled to an easement by implication or by reasonable necessity over the defendants' land to access the public highway.
On July 11, 2000, the defendants filed an answer, denying that their land is burdened with the easement. In addition, the defendants assert as a special defense that any easement that may have existed either by grant or necessity has been extinguished, pursuant to the Marketable Record Title Act, General Statutes § 47-33c et seq.[1] On July 19, 2000, the defendants filed a timely claim for a jury trial, pursuant to General Statutes § 52-215.[2] On July 21, 2000, the plaintiff filed a motion to strike the case from the jury list, supported by memorandum of law, on the ground that this case is primarily an equitable action and therefore should be decided by the court. On July 27, 2000, the defendants filed a memorandum of law in opposition to the motion.
"Historically, a motion to strike, pursuant to Practice Book (1978 Rev.) § 282, had been the proper vehicle to strike a jury claim." Trantolo v. State of Connecticut, Superior Court, judicial district of CT Page 14985-i Hartford, Docket No. 569475 (June 8, 1999, Teller, J.) (25 Conn.L.Rptr. 19); see, e.g., Skinner v. Angliker, 211 Conn. 370, 371,559 A.2d 701 (1989) (affirming the decision to grant the defendants' motion to strike the case from the jury list). Since the repeal of § 282 in 1996, "a party wishing to challenge an improper claim for a jury should file an objection to the claim under Practice Book § 14-10, formerly § 260" or the court can treat a "motion to strike as an objection to" the jury claim. Trantolo v. State of Connecticut, supra, 25 Conn.L.Rptr. 19; see also W. Moller W. Horton, Practice Book Annotated, Superior Court Civil Rules (4th Ed. 1998) § 14-10, author's comments, p. 515. Therefore, the court will treat the plaintiff's motion to strike as the proper vehicle to object to the defendants' jury claim.
In this action, the defendants requested a jury trial, pursuant to General Statutes § 52-215. With respect to a party's right to a jury trial, "article first, § 19, of the Connecticut constitution guarantees a jury trial in all cases for which there was a right to a trial by jury at the time of the adoption of [that] provision, which was 1818."[3] (Internal quotation marks omitted.) Commissioner of Environmental Protection v. Connecticut Building Wrecking Co.,227 Conn. 175, 182, 629 A.2d 1116 (1993). "An action for declaratory judgment pursuant to General Statutes 52-29 is a statutory action;" Beccia v. Waterbury, 185 Conn. 445, 453, 441 A.2d 131 (1981); created in 1921 after the adoption of the state constitution of 1818; Silberman v. McLaughlin, 129 Conn. 273, 276, 27 A.2d 634 (1942). Even though this action is a statutory action, not available at common law, the supreme court has held that "[a]rticle first, § 19, also provides the right to a jury trial in cases that are substantially similar to cases for which the right to a jury trial existed at common law in 1818." Commissioner of Environmental Protection v. Connecticut Building Wrecking Co., supra, 227 Conn. 182; see also Skinner v. Angliker, 211 Conn. 370,374, 559 A.2d 701 (1989). "Accordingly, in determining whether a party has a right to a trial by jury under the state constitution . . . the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity." (Internal quotation marks omitted.) Commissioner of Environmental Protection v. Connecticut Building Wrecking Co., supra, 227 Conn. 182. "The test is . . . [not whether the cause of action is statutory, but] whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury." (Internal quotation marks omitted.) Ford v. Blue Cross Blue Shield of Connecticut, CT Page 14985-j216 Conn. 40, 51, 578 A.2d 1054 (1990); Swanson v. Boschen, 143 Conn. 159,164-65, 120 A.2d 546 (1956).
With respect to whether this action is similar in nature to an action at common law, the court finds that because claims over real property rights are rooted in common law, and the underlying issue in this declaratory action are claims over property rights, this action is sufficiently similar in nature to an action at common law. See Commissioner of Environmental Protection v. Connecticut Building Wrecking Co., supra, 227 Conn. 182.
The plaintiff argues, however, that the defendants have no right to a jury trial because property rights claims sound only in equity. This is incorrect. "[W]here the controlling issue is based upon a claimed legal title to real estate and that is contested, equity will not ordinarily adjudicate the issue but will leave the question of title to be determined as an issue at law, and such an issue is of right triable by jury." Franchi v. Farmholme, Inc., 191 Conn. 201, 211, 464 A.2d 35
(1983). Additionally, with respect to declaratory judgments our supreme court has held that "[a]n action for a declaratory judgment is an action at law and not in equity, at least when . . . the rights or immunities to be declared are such as would normally be decided in an action at law." United National Indemnity Co. v. Zullo, 143 Conn. 124, 129, 120 A.2d 73
(1956); see also Preston v. Connecticut Siting Council, 21 Conn. App. 85,89, 571 A.2d 157, cert. denied, 215 Conn. 805, 574 A.2d 221 (1990) (stating that "[i]n an action seeking a declaratory judgment, the sole function of the trial court is to ascertain the rights of the parties under existing law").
Because the issues 9f this declaratory action are rooted in common law; see Commissioner of Environmental Protection v. Connecticut Building Wrecking Co., supra, 227 Conn. 182; and involve issues of law; see Franchi v. Farmholme, Inc., supra, 191 Conn. 211; the defendants have a constitutional right to a jury trial. See Commissioner of Environmental Protection v. Connecticut Building Wrecking Co., supra, 227 Conn. 182.
The plaintiff further argues that, even if this action is not primarily equitable, the defendants do not have a right to a jury trial because this case does not present factual issues necessary for jury determination. The defendants argue that a jury is required because there are a "multitude of factual issues." "The court shall decide all issues of law and all questions of law arising in the trial of any issue of fact; and, in committing the action to the jury, shall direct them to find accordingly. The court shall submit all questions of fact to the CT Page 14985-k jury. . . ." General statutes § 52-216. "Litigants . . . have a constitutional right to have issues of fact determined by a jury." Rejouis v. Greenwich Taxi, Inc., 57 Conn. App. 778, 783, 750 A.2d 501, cert. denied 254 Conn. 906, 755 A.2d 882 (2000). "Issues of fact necessary to the determination of . . . [a declaratory action] may be submitted to the jury as in other actions." Practice Book §17-56(a)(6).
Applied here, there are many questions of fact surrounding the issues of law in this declaratory action. First, whether there is an express easement contained in the deed is a question of law; Bolan v. Avalon Farms Property Owners Assn., Inc., 250 Conn. 135, 141, 735 A.2d 798
(1999); and is therefore, not proper for jury determination. "The construction of a deed in order to ascertain the intent expressed in the deed presents a question of law and requires consideration of all its relevant provisions in light of the surrounding circumstances." (Internal quotation marks omitted.) Id. Second, whether there is an implied easement is partly a question of law and partly a question of fact; Gemmell v. Lee, 59 Conn. App. 572, 576, 757 A.2d 1171 (2000); and is therefore, proper for jury determination. See Practice Book §17-56(a)(6). "We determine whether the grantor intended to establish an easement by an examination of the deeds, maps, and recorded instruments introduced as evidence. Intent as expressed in deeds and other recorded documents is a matter of law." Gemmell v. Lee, supra, 59 Conn. App. 576. Moreover, it is a question of fact to determine whether an easement is reasonably necessary, examining whether the "easement is highly convenient and beneficial for the enjoyment of the dominant estate." (Internal quotation marks omitted.) Id., 577. Third, whether there is an easement by reasonable necessity is a question of fact; Hollywyle Assn. v. Hollister, 164 Conn. 389, 401, 324 A.2d 247 (1973); and is therefore, proper for jury determination. See Practice Book § 17-56(a)(6). "[T]he element of necessity has been rather strictly construed and made to depend on the situation of both parties, the nature and adaptability of the property, and surrounding circumstances. Hollywyle Assn. v. Hollister, supra, 164 Conn. 401. [T]he right will arise as a result of objective necessity rather than as a result of the deeds or omissions of the parties." Id. Fourth, if the court determines that the plaintiff's land enjoys an easement by reasonable necessity, determination of the scope of that easement is a question of fact; Strollo v. Iannantuoni,53 Conn. App. 658, 659, 734 A.2d 144, cert. denied, 250 Conn. 924,738 A.2d 662 (1999); and is therefore proper for a jury. See Practice Book § 17-56(a)(6). In addition, "[t]he decision as to what would constitute a reasonable use of a right-of-way is for the trier of fact. . . ." (Internal quotation marks omitted.) Strollo v. Iannantuoni, CT Page 14985-l supra, 53 Conn. App. 660-61. Finally, if the court determines that the plaintiff enjoys an easement, "[w]hether there has been an abandonment is a question of intention to be determined from all the surrounding circumstances, and is a question of fact and not of law." (Internal quotation marks omitted.) Friedman v. Westport, 50 Conn. App. 209, 212, 717-A.2d 797, cert. denied, 247 Conn. 937, 722 A.2d 1216 (1998).
Because the plaintiff's action for a declaratory judgment concerns issues rooted in common law and are issues at law, the defendants have a constitutional right to a jury trial regarding those issues. In addition, because the issues in this action involve multiple issues of fact, it is also proper to submit those issues to a jury. For these reasons, the plaintiff's motion to strike this action from the jury list is hereby denied.
HICKEY, J.