[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case, in the nature of a quiet title action, was remanded by the Appellate Court with instructions to this court that judgment should enter "finding easements by implication in favor of the defendants Terri-Ann Fasig McLaughlin and Cheryl Mollica. . . ." Perkins v. Fasig,57 Conn. App. 71, 79 (2000). The Appellate Court's remand instructed this court to hold further proceedings "to determine the nature and extent of those easements." Id.
The land in question is one section of a strip of land delineated on an original subdivision plan in New Fairfield, Connecticut, leading east and then northeast from Dick Finn Road, apparently planned to provide access to and from several planned residential lots in the subdivision. Nearest Dick Finn Road, the strip is denominated "Spinning Wheel Lane." Further in, it is described as "proposed road." The original subdivision map, known as Map 252, is recorded in the New Fairfield land records, and was submitted to the court as Court Exhibit 2.
The parcel of land at issue is an angled plot about 50 feet wide, beginning approximately 185 feet east of Dick Finn Road, running easterly and then northeasterly. It encompasses approximately one quarter acre and is designated as `Parcel X' on a map, "Survey of Property Prepared for CT Page 14633 Grace W. Perkins," by Paul A. Hiro, P.C. (1992). See Court Exhibit 1. Neither "Spinning Wheel Lane" nor the "proposed road" were ever built.
The plaintiff Perkins owns Parcel X. The defendants, Teri-Ann Fasig McLaughlin and Cheryl Mollica, own residential plots of land designated as Lots 34 and 35 on the original subdivision plan, Map 252 (Exhibit 2). Lots 34 and 35 are fronted by the "proposed road."
This action was commenced by Perkins seeking to clear title to that portion of Spinning Wheel Lane known as Parcel X. The defendants, McLaughlin and Mollica, by counterclaim, sought an easement over Parcel X on the grounds that it was necessary to allow them access from their lots to a public road. After trial, the Superior Court ruled that Perkins owned Parcel X, and the defendants did not have the right to pass and repass over it.
The Superior Court decision and the corrected judgment issued thereafter relied on Stankewicz v. Miami Beach Association, Inc.,191 Conn. 165 (1983). On appeal, the Appellate Court, following a Connecticut Supreme Court decision, Bolan v. Avalon Farms Property OwnersAssociation, Inc., 250 Conn. 135 (1999), which overruled Stankewicz, reversed the Superior Court and directed entry of judgment, as noted above, granting the defendants McLaughlin and Mollica an easement over Parcel X.
As directed, this court, following a hearing of the parties on October 26, 2000, will determine the nature and extent of the easement. At the outset, the court notes that its jurisdiction is limited to Parcel X. Even with an easement over Parcel X, the defendants, McLaughlin and Mollica, will still be landlocked because Parcel X does not extend far enough along the "proposed road" to front on Parcels 34 and 35. The defendants point out that the Appellate Court opinion references a general right of property owners, fronting on streets shown on maps of a development, to pass and repass over those areas delineated as streets. However, this case only involves Parcel X. Defendants never served or made a party to this action the owner of the "proposed road" area that actually fronts on Lots 34 and 35. The initial corrected judgment dealt with the Parcel X portion of Spinning Wheel Lane and not any further section of the "proposed road." The opinion of the Appellate Court noted that its decision related only to that portion of Spinning Wheel Lane owned by the plaintiff (i.e. Parcel X). See Perkins v. Fasig, supra, 72 n. 1, 78.
The court now turns to the nature and extent of the easement on Parcel X. At the hearing, Perkins submitted a proposal which would place the easement on the southernmost and easternmost twenty-five foot half of CT Page 14634 Parcel X and impose other limitations. Defendant Arthur Fasig, a residential builder, testified that Parcel X contained certain rock outcroppings which would make it difficult and expensive to build an accessway limited to one side or the other of Parcel X. He proposed constructing a roadway twenty to twenty-five feet in width (enough for two vehicles to pass) with sufficient flexibility to locate utilities.
After consideration of all the above, the court holds that the defendants, McLaughlin and Mollica, as owners of Lots 34 and 35, and their heirs, successors or assigns, shall have an easement over Parcel X to the extent necessary to allow the right to pass and repass for the beneficial use and enjoyment of Lots 34 and 35 as residential property. Such easement includes the right to construct a road on Parcel X to permit passage to and from the residential lots. The road may be constructed on the area of Parcel X, which is most economical and most feasible from an engineering standpoint. The court determines that such a road shall meet the standard of an "access way" as defined by the New Fairfield subdivision regulations, but that the travel-way (i.e. pavement) shall be no wider than sixteen feet. The accessway may include areas for necessary utilities. The construction of the accessway and its future maintenance and upkeep shall be the responsibility of the defendants, McLaughlin and Mollica, their heirs, successors and assigns. In the exercise of the easement and the construction and maintenance of the accessway, the beneficiaries of the easement are ordered to take pains to minimize any disruption or dislocation of the natural attributes of Parcel X.
Counsel for the parties are requested to cooperate and prepare a document suitable for recording in the land records which reflects the determination of the court.
Adams, J.