[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Walter and Helen Woronick, have requested the court to issue a judgment determining the rights of the parties to the land in dispute and issue a permanent injunction requiring the defendants to remove the fence which they erected on the plaintiffs' property. The defendants seek to acquire all the disputed property which has been owned by the plaintiffs for over twenty years. The defendants claim title to the property by adverse possession. There are two separate issues in the case. One involves the wood fence encroachment running from the north corner of both properties parallel to the boundary line and stopping approximately fifteen feet from Sea Breeze Avenue. The second issue involves a strip of land running from the end of the wood fence to Sea Breeze Avenue a distance of approximately fifteen feet by two feet. The plaintiffs further contend that the disputed areas are clearly their property and the defendants have not established by clear and convincing evidence that they have acquired such parcels by adverse possession.
 Facts
1. In 1953, Richard C. Phillips conveyed Lot No. 610 on Plan No. 1 of 2 Black Point Beach Club property to Joyce R. Brennan.
2. In 1962, Gertrude E. Gritzmacher conveyed the westerly one-half of Lot No. 609 of Plan No. 1 of 2 Black Point Beach Club property to Joyce CT Page 12465 R. Brennan.
3. In 1967, Joyce Brennan Smith conveyed both Lot No. 610 and the westerly one-half of Lot No. 609 to Charles E. McGinley.
4. In 1976, Charles E. McGinley conveyed both Lot No. 610 and the westerly one-half of Lot No. 609 to Bernadine C. Orintas.
5. In May, 1979, Bernadine C. Orintas conveyed both Lot No. 610 and the westerly one-half of Lot No. 609 to the plaintiffs, Helen and Walter Woronick.
6. In 1945, Patrick H. Carr conveyed to Ellen N. Coleman Lot No. 608 of the Plan of Property of Black Point Beach.
7. In 1962, Gertrude E. Gritzmacher conveyed the easterly one-half of Lot No. 609 on said Plan to Ellen N. Coleman.
8. The defendants currently are the owners of Lot No. 608 and the easterly portion of Lot No. 609.
9. Sometime prior to December 31, 1969, a wooden lattice style fence was erected between the properties of the parties. It is disputed between the parties as to the exact location of the fence.
10. The plaintiff, Walter Woronick, testified that the lattice fence was in great disrepair and portions of the fence were leaning onto his property and it had to be supported by brick. He further testified that he assisted the defendants in maintaining said fence.
11. Sometime in the fall of 1990, a larger shadow box style wooden fence replaced the lattice style fence. The location of said new fence in comparison to the previous fence is in dispute.
12. Mr. Woronick testified that when he returned from Florida in the Spring of 1991, the new fence appeared closer to his house. It is Mr. Woronick's contention that the new fence was not erected in the same location as the old fence. He also was not able to accurately measure his property using the fence as a starting point.
13. It appeared to Mr. Woronick that the new fence was erected approximately two feet closer to his property than the previous lattice style fence.
14. In 1996, Land Surveyor, Fred Finn, Jr., surveyed the property. His survey clearly shows that the wooden fence erected in 1990 encroaches CT Page 12466 upon the plaintiffs' property.
15. In 1999, the defendants retained the services of a land surveyor who confirms Mr. Finn's findings. Land Surveyor, Chris Charland determined as well that the wood fence encroaches on the plaintiffs' property.
16. Both surveyors testified that the wood fence encroaches onto the plaintiffs' property and both testified that the fence does not run the entire length of the property. Both testified that the fence stops approximately fifteen feet from Sea Breeze Avenue.
17. The plaintiff, Walter Woronick and the defendant, Jan ice Early, both testified that no structure has ever existed between the fence and Sea Breeze Avenue, hereinafter ("smaller disputed area").
18. Walter Woronick testified that he has paid real estate taxes to the Town of East Lyme on both the fence encroachment and the smaller disputed area.
19. Walter Woronick testified that he maintained the grass and the shrub on the smaller disputed area.
20. Walter Woronick testified that both he and the defendants used this disputed parcel to gain an access to their respective homes. It was common that on a daily basis for over fifteen years, he would pass over this piece to visit the defendants. It was also common for the defendants to cross this section when visiting the plaintiffs.
21. Defendants' pictures clearly show the terrain as grass on said "small strip."
 Discussion
The plaintiffs' complaint seeks an order of the court requiring the defendants to remove the wood fence and encroachment and issue judgment in favor of the plaintiffs. Where a party seeks quite title pursuant to C.G.S. § 47-31, the trial court must first determine in which party record title lies and then determine whether adverse possession has divested the record owner of title. Clark v. Drska, 1 Conn. App. 481
(1984).
The court finds that the title in question is that of the plaintiffs. The warranty deed from Bernadine C. Orintas to Walter and Helen Woronick (Pl. Ex. 5) conveys a 60 x 100 lot. By survey, the evidence established that the wood fence erected by defendants encroaches said lot. The CT Page 12467 encroachment was confirmed both by the Finn survey and the defendants' survey. The plaintiffs, therefore, have proven that they are in fact the record title holder. The only issue remaining is whether the defendants can establish that they have acquired a strip running from the wood fence to their boundary line by adverse possession. The plaintiff's claim that they have not.
The standard of proof for establishing title by adverse possession is clear and convincing proof which places a higher burden upon a claimant than a preponderance of the evidence standard. Ruggiero v. Town of EastHartford, 2 Conn. App. 89 (1984). Adverse possession must be proven by clear and convincing evidence. Gemmel v. Lee, 59 Conn. App. 572 (2000). To prevail in this case, therefore, the defendants must prove by clear and convincing evidence, every element of adverse possession. The essential elements of adverse possession sufficient to create title to the land in the claimants are that the owner shall be ousted of the possession and kept out uninterruptedly for a period of fifteen years, by an open, visible and exclusive possession by the claimant without the license or consent of the owner and under a claim of right. Essential elements of an action for a judgment settling title to real estate are the plaintiff's claim to property and that action is brought against such person claiming an interest in property that is adverse to that of the plaintiff. The court finds that the defendant has not established the three elements necessary to acquire property by adverse possession. In order to find for the defendants, the court must find that they have satisfied all of the elements involved prior to divesting the record title owner. Failure to satisfy any one element, requires that the claim for adverse possession fail.
First, the use was not hostile. The plaintiff, Walter Woronick, testified that he helped reinforce the old lattice-style fence. He further testified that the fence was in state of great disrepair. Portions of the fence were leaning toward his house and even using bricks to reinforce the fence did not help.
The occupation must be not only hostile, but must continue hostile and at all times during the period of fifteen years challenge the right of the true owner, in order to found title by adverse use. Lazoff v.Padgett, 2 Conn. App. 246 (1984). The fact that Woronick assisted the defendants in reinforcing the fence refutes the claim of hostile use by the defendants. The defendants also testified that they had no knowledge that the fence was not on their property. This lack of knowledge also constitutes lack of hostile use. Not only must the use be hostile, but the defendants must oust the plaintiff's from said property. Woronick's use of the fence and involvement in the maintenance of it clearly indicates that the defendants' use was not hostile and that he was not CT Page 12468 legally ousted as required by case law.
Second, the use was not uninterrupted. The defendant, Janice Early, and her mother, Lucille Sheehan, both testified that the lattice-style fence was removed prior to the installation of the shadow box-style fence. They both confirmed that for a period of time in 1990, no fence existed between the subject properties. Adverse possession requires that the owner shall be ousted of his possession and kept out uninterruptedly for a period of fifteen years, by open, visible and exclusive possession by claimant without license or consent of right. New York Annual Conferenceof United Methodist Church v. Fisher, 182 Conn. 272, 291 (1980).
The removal of the fence by the defendants in 1990 broke any adverse use by the defendants.
Since no fence was between the property for a period of time in 1990, the use has been interrupted and the defendants have not satisfied the necessary element for a claim of adverse possession.
Third, the defendants' use has not been the requisite fifteen years. Mr. Woronick testified that when he returned from Florida in the Spring of 1991, the new style fence appeared closer to his house. It was his impression that the new fence was not erected in the same location as the previous fence. Pursuant to Mr. Woronick's testimony, if the old fence was actually on the boundary of the property and the new fence was erected slightly onto Mr. Woronick's property, the use has not been for fifteen years. The adverse use commenced in 1990 and, therefore, fails to satisfy the necessary fifteen year requirement. The court, therefore, finds that the defendant has not proven by clear and convincing evidence that the new fence was erected in the same location as the old fence. Absent that proof, their claim for adverse possession must fail. The court recalls the defendants' testimony that the new fence must have been put in the same position because they had to use the same holes because the ground was ledge which made it difficult to create new holes. However, they never brought into court the person who installed the fence who would be the best witness as to that situation. Accordingly, the court finds that the defendants failed to prove that the new fence was put in the same location as the old fence.
The court finds that the defendants have not satisfied the necessary elements to oust the plaintiffs of possession of the property. The court finds in favor of the plaintiffs in all three of the elements regarding adverse possession.
The defendants also filed a counter claim to plaintiffs' action alleging that they acquired the small piece of property by adverse CT Page 12469 possession. The plaintiffs filed a special defense alleging ownership in that parcel. This is the area of land from the end of the fence to the road. Both the deed and the survey maps of both plaintiff and defendant clearly indicate that this disputed area is the property of the plaintiffs. Both plaintiffs and defendants testified that said area is owned by the plaintiffs. The only issue is whether the defendants have acquired title by adverse possession. Under the same rules of adverse possession already discussed, the defendants' claim must fail. The evidence was that both parties used the grass covered area, and that both parties mowed the lawn in that area. The parties also testified that the plaintiff would cross the area to visit the defendants and that the defendants would travel over this area to visit the plaintiffs. It is clear the defendants' use was not exclusive and that if use is not exclusive and the adverse user merely shares dominion over the property with other users, he cannot establish adverse possession. Whittney v.Turmel, 180 Conn. 147, 148 (1980). The court, therefore, finds that the record title holder, Woronick, to this smaller disputed area is that of the plaintiffs and that the defendants have not proven by clear and convincing evidence that their use had been open, hostile and exclusive as required by their claim of adverse possession.
 Conclusion
The court, therefore, finds in favor of the plaintiffs on all counts and orders that the defendant remove the wood fence encroachment. The court also issues judgment confirming the plaintiffs' title ownership in both disputed areas and denies the defendants' claim of adverse possession.
D. Michael Hurley, Judge Trial Referee