[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Jeffrey and Mary Jo Kellogg, sue the defendants, Maureen Johnson and her daughter, Kimberly Gonder, for trespass to land known as 53 French Road, Bolton, Connecticut. The defendants raise the special defense of adverse possession and counterclaim on that same basis. On September 12, 2001, the court heard the trial of this matter and finds the following facts.
On June 19, 1956, Maureen Johnson bought lot 1 of a subdivision located on the westerly side of French Road, which lot is now known as 57 French Road. Lot 2 of that subdivision is located immediately northerly of the Johnson property and is now known as 53 French Road. Lot 2 was acquired by Clifford and Alice Magnuson on April 25, 1957. Around 1960, houses were built on both parcels.
In 1970, Kimberly was thirteen years old and obtained a horse. Kimberly and her then eleven year old brother set out to erect a wire fence which would form an enclosure for the horse. The children strung three parallel wires using existing trees as fence posts. Two wires were electrified, and strips of white cloth were hung on the third wire to make the fence more visible to man and horse.
At that time, the land behind the children's home was wooded and sloped upward. The children believed they were stringing the wire fence entirely on their mother's property. The frontage of 57 French Road is a curve, and the residence located on it has a rectangular footprint and a front door which faces the curve in French Road. The position of the house causes the long axis of the rectangular residence to be rotated about forty-five degrees compared to the northerly boundary line of the property, which line is the southerly boundary of 53 French Road. CT Page 14252
Apparently, when the children laid out the fence they followed a line parallel to the northerly side of their home and traverse the boundary line at about a forty-five degree angle, continuing to a point about sixty feet deep into their neighbor's property before making a left turn back toward their mother's property. As a consequence, the horse paddock they constructed partially encroaches with a roughly triangular piece whose base runs along the actual boundary line for about 300 feet and the apex of which is, as noted above, sixty feet deep into the 53 French Road parcel. The precise dimensions of this encroachment are accurately depicted in Exhibit 6, a Class A-2 survey.
Horses and/or burros were confined in this corral nearly continuously from 1970 to 1997. The maximum number of equines kept there at one time was five. The animals' grazing transformed the enclosed area from woods to open land. In 1971 a horse barn was built within the enclosure and sat on ground within the 57 French Road lot. However, in 1978 that structure was replaced by a second barn located so that its northeasterly corner was on the 53 French Road parcel. This barn is extant today.
During the 1980's, accumulating surface water caused Maureen Johnson to regrade the enclosed area, to remove some trees, and to install drainage pipes. Some of this activity occurred in the area which is in dispute. Beginning in 1985, the defendants replaced sections of the wire fence with a wooden structure. The wooden fence consists of three horizontal two-by-four elements and four-by-four vertical posts. The wooden fence was constructed in straight lines rather than zigzagging from tree to tree and encroaches somewhat less onto the 53 French Road lot.
The wire fence, the wooden fence, the paddock area, the barns, and its denizens were conspicuous and easily seen from most perspectives. The Magnusons were well aware of its existence, location, and use. The Magnusons often brought their younger relatives to visit the animals. On one occasion, Alice Magnuson retrieved an errant horse which had bolted from the enclosure and returned it to the Johnsons.
The defendants never sought permission from the Magnusons to erect the fence or use it as a paddock area. There is no credible evidence that the Magnusons ever realized that the enclosure extended onto their property.
Alice Magnuson, later Mastrangelo, outlived two husbands and resided at 53 French Road until late 1992 or early 1993. On March 30, 1993, she conveyed the property to her nephew, Arthur Jarvis, a Florida resident. On May 6, 1994, Jarvis sold the parcel to the plaintiffs.
Before purchasing 53 French Road, the plaintiffs walked the property and were aware of the existence of the fenced enclosure and barn. They CT Page 14253 assumed at that time that the enclosure and barn were on the Johnson property. The plaintiffs located an iron pin at the rear of the land, which pin they erroneously thought marked the southwesterly corner of their land. Instead, that iron pin marks the northwesterly corner of the lot at 53 French Road.
In April 1999, the plaintiffs hired a licensed land surveyor, James Pazzioli, to stake out the boundary between the parties' properties so that they could build a fence along that boundary. Pazzioli scrutinized the deed description and landmarks and completed field work. He realized that the paddock fence line encroached onto the property described in the deed conveyed as 53 French Road to the plaintiffs. Pazzioli prepared the Class A-2 survey which is referred to above and designated as Exhibit 6. Neither party disputes the accuracy of Exhibit 6 in so far as it depicts the two parcels described in the deeds to the plaintiffs and the defendants, the present fence line, and the area depicted as in dispute.
Once the plaintiffs learned of the actual boundary as described in the deeds, they communicated with Maureen Johnson and requested that she demolish the fence. The defendants have declined this request, and this lawsuit ensued.
Because the issue of adverse possession is dispositive of both the claims and counterclaims, the court addresses that issue directly.
To acquire title by adverse possession, the claimant must oust the owner of possession continuously for fifteen years by an open, visible, and exclusive possession under a claim of right with intent to use the property as the claimant's own and without the consent or permission of the owner, 1525 Highland Assoc. v. Fohl, 62 Conn. App. 612, 622 (2001). The claimant must prove these elements by clear and convincing evidence,Gemmell v. Lee, 59 Conn. App. 572, 578 (2000). The court concludes that the defendants have proved, by clear and convincing evidence, each and every essential element to establish their title to the contested land by adverse possession.
The fence was erected in 1970 by the Johnson children under the belief that the land enclosed thereby belonged to their mother. The paddock area was conspicuous and visible to the ordinary observer, and the plaintiffs concede as much in their posttrial brief. The disputed area has been uninterruptedly used by the defendants exclusively and to the exclusion of others from 1970 to the present. The defendants never sought permission or consent from the Magnusons or Jarvis, the plaintiffs' predecessors in title, to use the property as they have. The plaintiffs assumed that the enclosure and barn were part of 57 French Road and not part of their parcel. The defendants made substantial improvements, such CT Page 14254 as regrading and drain installation, and have repaired and replaced the fence as needed without consultation, consent, or contribution from the title owners of 53 French Road.
The court determines that the defendants have acquired title by adverse possession to the area southerly of the fence and including the fence as depicted in Exhibit 6, a Class A-2 survey entitled "Plan Prepared For Jeffrey C. Kellogg and Mary Jo Kellogg" dated May 25, 1999, and denoted as "Note encroachment: Land occupied by N/F Johnson. " The court finds for the defendants on the complaint and counterclaim.
Sferrazza, J.