TERRANCE O'BRIEN ET AL. *v.* DEREK J. COBURN
(13512)

O'Connell, Schaller and Freedman, Js.

Argued May 1—decision released September 5, 1995

*Michael F. Dowley*, with whom, on the brief, was *Margaret A. Waldron*, for the appellant (defendant).

*Thomas F. Noonan*, for the appellees (plaintiffs).

FREEDMAN, J. The defendant appeals from the judgment of the trial court granting the plaintiffs an easement by implication across a certain driveway owned by the defendant. The defendant argues that the trial court improperly granted the easement by implication because no such action was pleaded in the plaintiffs' complaint. We agree and accordingly reverse the judgment of the trial court.[1]

The trial court found the following facts. The plaintiffs own property located at 116 Meetinghouse Hill Road in Durham. The property includes a residential dwelling and attached garage, as well as a one-story concrete shop-garage located at the rear of the property. The defendant owns a seventeen acre parcel of property that abuts the plaintiffs' land on the eastern boundary. The defendant and his family live in a dwelling at the rear of the property, known as 110 R Meetinghouse Hill Road.

The parties acquired title to their respective realty from a common grantor, John W. Chapman, who died in 1977. At the time of the closing of title to the plaintiffs'

---

[1] In light of this conclusion, we need not address the defendant's remaining claims that an easement by implication was not proven by the evidence presented and that the court mischaracterized the evidence as presented through testimony.

property on August 30, 1968, both Chapman and the plaintiffs were represented by attorney Theodore D. Raczka. The defendant acquired title to his property on September 19, 1972. At the time of the closing, the defendant was represented by independent counsel.

The parties have been neighbors for more than twenty years. The present dispute involves their respective interests in a fifty foot strip of land that runs south from Meetinghouse Hill Road along the eastern boundary of the plaintiffs' land to the residential property at the rear occupied by the defendant and his family. A driveway, located within the fifty foot strip, serves as an access route to the defendant's home. It is also the only existing route to the shop-garage that is situated at the rear of the plaintiffs' land, about 275 feet from Meetinghouse Hill Road, and a few feet west of the parties' common boundary.

The plaintiffs' deed conveyed the property "with the appurtenances hereof." Although the deed was otherwise silent as to any easement grant, the plaintiffs were assured by their grantor, their attorney and a real estate agent who was present at the closing, that they would have free and uninterrupted use of the driveway that traversed land retained by Chapman and later conveyed to the defendant. Use of the driveway right-of-way was necessary in order for the plaintiffs to make full use of the shop-garage that, along with the driveway, had been used by Chapman. The plaintiffs contended that they would not have purchased the property without the right-of-way access to the shop-garage. It was also important to the plaintiffs that they continue to have the benefit of utility service to the building as provided by a claimed pole line easement that followed generally the path of the driveway.

The deed the defendant received from Chapman made no mention of any easement that encumbered the land

conveyed. The defendant had, however, inspected the land on three occasions before its purchase and had walked the driveway. He did not meet either the plaintiffs or his grantor until sometime after the closing.

The parties made extensive use of the driveway, traveling to and from their rear buildings and Meetinghouse Hill Road. Over the years, the defendant has invested funds, with little contribution from the plaintiffs, to maintain and improve the access way. The use of the driveway was, for the most part, free of incident. More recently, however, problems have arisen, in part over what the defendant deems to be expanded use by vehicles that have come onto the property to serve the plaintiffs' needs. This has caused the defendant to incur expense to repair the driveway surface, and his family has suffered some inconvenience. The defendant also has professed concern for the safety of his children.

By complaint dated June 18, 1993, the plaintiffs sought, inter alia, an injunction restraining the defendant from obstructing, interfering with, or otherwise preventing the plaintiffs from the use and enjoyment of the right-of-way over the driveway.[2] The defendant filed a counterclaim and an application for a temporary injunction in which he alleged that the plaintiffs' use of the driveway to access a car repair shop on their adjacent property was illegal and created an unnecessary dangerous condition on the defendant's property. The trial court found that the facts were sufficient to create an easement by implication and held that the plaintiffs were vested with

---

[2] The plaintiffs' complaint also sought an injunction restraining the defendant from ordering the Connecticut Light and Power Company and/or the Southern New England Telephone Company from discontinuing the utility service, or removing the utility lines that service the shop and garage located on the plaintiffs' property. The trial court concluded, with respect to this claim, that the evidence was inconclusive, and it therefore denied the plaintiffs' request for injunctive relief.

The plaintiffs also sought money damages and a determination of the rights of the parties in and to the land and settling title thereto.

an easement by implication across the subject driveway. The trial court enjoined the defendant from interfering with the plaintiffs' easement rights, and denied the defendant's claims for relief in his counterclaim. The defendant appeals this decision.

The defendant argues that the trial court improperly granted the plaintiffs an easement by implication when no such cause of action was pleaded in the plaintiffs' complaint and could not be properly adjudicated in the trial court action. The plaintiffs argue in response that, pursuant to Practice Book § 131,[3] they pleaded sufficiently a concise statement of facts necessary for a cause of action based on an easement by implication. We agree with the defendant.

"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint. . . . *Lundberg* v. *Kovacs*, 172 Conn. 229, 232, 374 A.2d 201 (1977). However, [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 587–88, 542 A.2d 1124 (1988); *Fuessenich* v. *DiNardo*, 195 Conn. 144, 150–51, 487 A.2d 514 (1985). As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Internal quotation marks omitted.) *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 496, 646 A.2d 1289 (1994). The pleadings in the present case do not provide sufficient notice of the plaintiffs' claim of an easement by implication; rather, the pleadings indicate only that a prescriptive easement was claimed.

---

[3] Practice Book § 131 provides in relevant part: "[The complaint] shall contain a concise statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought."

The elements necessary to prove a prescriptive easement differ from those pertaining to an easement by implication. With regard to a prescriptive easement, "General Statutes § 47-37 provides: 'No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years.' In Connecticut, therefore, a prescriptive easement is established by proving an open, visible, continuous and uninterrupted use for fifteen years made under a claim of right." *Gioielli* v. *Mallard Cove Condominium Assn., Inc.*, 37 Conn. App. 822, 829, 658 A.2d 134 (1995); see also *Swenson* v. *Dittner*, 183 Conn. 289, 294, 439 A.2d 334 (1981).

"An implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance, and at the time of the conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the latter property. . . . In the absence of common ownership . . . an easement by implication may arise based on the actions of adjoining property owners. . . . There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." (Citations omitted.) *Kenny* v. *Dwyer*, 16 Conn. App. 58, 64, 546 A.2d 937, cert. denied, 209 Conn. 815, 550 A.2d 1084 (1988); see also *D'Amato* v. *Weiss*, 141 Conn. 713, 717, 109 A.2d 586 (1954).

A review of the plaintiffs' complaint reveals that the plaintiffs pleaded a prescriptive easement. Paragraph seven of count one alleges: "Since the date that John W. Chapman conveyed a portion of his property to the Plaintiffs, the Plaintiffs have used the . . . driveway in an open and visible manner continuously and uninter-

rupted, for a period greater than fifteen years, and engaged in such use under a claim of right." A review of the complaint also reveals that the plaintiffs did not plead the elements necessary to establish an easement by implication. Accordingly, the defendant was subject to unfair surprise and prejudice at the time of trial when the plaintiffs claimed an easement by implication. See *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank,* supra, 230 Conn. 496. "A plaintiff may not allege one cause of action and recover upon another. Facts found but not averred cannot be made the basis for a recovery." (Internal quotation marks omitted.) *Pergament* v. *Green,* 32 Conn. App. 644, 650, 630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). In this case, the trial court rendered judgment for the plaintiffs on the basis of a theory that was not pleaded in complaint.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.