[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought by the plaintiff, Robert C. Blanchette, claiming a right-of-way over a portion of land owned by the defendants, Robert E. Rose and Mildred Rose. The plaintiff's complaint was brought in two counts. The first count claims that the plaintiff had "a right appurtenant to his land" to pass and repass over land owned by Rose. The second count claims that the plaintiff, through his own use and that of his predecessors in title, has acquired a prescriptive easement over the disputed area of the defendants' property for purposes of accessing his property.
The defendants, by way of their answer, have denied the plaintiff's allegations regarding the existence of a right of access appurtenant to Blanchette's property and his prescriptive easement claim.
Facts
The plaintiff has title to 5.3 acres of vacant land situated on the northerly side of Connecticut State Route 138, also known as Jewett City-Voluntown Road, located in the town of Griswold. He acquired the tract by warranty deed from Dottie I. Klemchuk and Steven Klemchuk on March 3, 1986. The deed is recorded in the Griswold Land Records.
The parcel of land owned by the defendants and claimed to be serviant to plaintiff's easement is .58 acres in size and is CT Page 9862 situated adjacent to plaintiff's premises. The parcel was formerly a portion of the state highway department right-of-way known as the Jewett City Voluntown Road. It was conveyed after a realignment of the state highway and was no longer considered necessary for highway purposes. The State of Connecticut conveyed the tract to Howard E. Perkins on March 22, 1961 by quit claim deed, subject to the rights of others. Upon his death, Howard E. Perkins devised the premises to Alice P. Rose who, on March 26, 1976, conveyed the locus to the defendants.
The plaintiff's immediate predecessor in title, Dottie Klemchuk and Howard F. Johnson, acquired the property on February 15, 1967. At that time, the plaintiff's parcel was part of a larger tract, 30 acres in size, on which was located a residence and various farm buildings. The dwelling was occupied by Klemchuk and Johnson from 1967 to January 12, 1984, when the dwelling, farm buildings and 25 acres were conveyed to Glenn Gray, reserving the 5.3 acre tract which was later acquired by the plaintiff.
Plaintiff's land is depicted on a survey admitted into evidence as plaintiff's exhibit 11. The survey was prepared by the surveying firm of Harris Clark in November of 1983. The land has a southerly boundary along the state highway of 175 feet. The boundary between plaintiff's land and defendants' land measures 62.4 feet. It is marked by the remains of a stone wall and the remains of a former bar-way. The survey depicts an existing cart path running the approximate length of the land and from the boundary between the parties in a northerly direction to the rear of plaintiff's land. The land along the state highway is steeply sloped and includes wetlands. The cart path terminates at defendants' premises.
Improvements to the cart path were made by the plaintiff subsequent to his acquisition. The path was used by him at least annually by truck and other equipment to complete the improvement and for the removal of cordwood. Plaintiff also testified that he has used the premises with his camping trailer. The harvesting of cordwood from the premises occurred regularly during the Klemchuk-Johnson occupancy and was conducted by various family members. Access to the rear portion of the land by them was over the discontinued highway, through the bar-way and over the cart path. Because of the steep slope and wetlands, the only practical means of accessing plaintiff's tract is over the discontinued road, through the bar-way and on to the cart path. CT Page 9863
There are no improvements on defendants' tract. It consists largely of the remains of the paved surface of the former state highway. It is also used by the defendants as a means of access to their dwelling.
The testimony at trial regarding the use of plaintiff's property, the 5.3 acre "vacant lot," and access to it over the alleged easement area, the 0.58 acre Rose property (the disputed area) is summarized below.
From 1986 when he acquired the property until 1996 the plaintiff testified he used the land and the disputed area for camping and cutting wood. He also improved the cart path. Dottie Klemchuk testified she was not aware of any use of the land from 1982 through 1986. She did say that she and her son, Steven Klemchuk, walked the land occasionally from 1979-1982. Howard Johnson testified that he hunted on the land from 1967-1979 but did not use the easement to access the property. The plaintiff did not offer any proof that the easement area was used by his predecessors in title between 1982 and 1986. Thus he cannot "tack" on his use by his predecessors to prove continuous uninterrupted use from 1981 to 1996, a period of fifteen years.
Discussion
In his first count, the plaintiff claims an easement over the land of the defendant with a right to pass and repass over the land owned by the defendant. He requests an injunction restraining the defendants from continuing to maintain a fence obstructing his use of the right-of-way. The plaintiff claims his right to use the easement is based upon Section 13a-55 of the Connecticut General Statutes. The statute reads as follows: "Property owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, shall have the right-of-way for all purposes for which a public highway may be now or hereafter used over such discontinued or abandoned highway to the nearest or most accessible highway."
However, the plaintiff failed to cite the statute in his complaint. "It is fundamental in any law that the right of a plaintiff to recover is limited to the allegations of the complaint." Lundberg v. Kovacs, 172 Conn. 229, 232 (1977). Also to bring an action under a statute, the plaintiff must allege and CT Page 9864 prove that the statute applies to the facts of the case.
The statute, by its terms, applies only to discontinued or abandoned highways. To discontinue or abandon a highway, there must be action by the state notifying the town wherein the highway is located that the state is discontinuing the highway. The town then must, in writing signed by the selectman, discontinue the highway. Connecticut General Statutes § 13-31 (1958). In this case, there was no evidence that Route 138 ever reverted to the Town of Griswold or that the town subsequently legally abandoned the road. Actually, the evidence discloses that the ownership of the old road bed was transferred directly from the state to the defendants' predecessor in title, Howard Perkins.
Accordingly, the court finds that the plaintiff has failed to allege the facts required in his complaint, nor has he offered proof to show that the statute applies.
The court must, therefore, find in favor of the defendant on the first count.
In his second count, the plaintiff claims a prescriptive easement by virtue of Connecticut General Statutes § 37-47 which provides that, "no person may acquire a right-of-way or other easement from in, upon or over the land of another, by the adverse use or enjoyment thereof unless the use has been continued uninterrupted for 15 years."
In order to establish an easement by prescription, the claimant must prove that his use has been open, visible, continuous and uninterrupted for 15 years under a claim of right.O'Brien v. Coburn, 39 Conn. App. 143, 148 (1995). The party claiming the easement by prescription must meet each of these stringent conditions. Westchester v. Greenwich, 229 Conn. 495,501 (1993).
In this case, the evidence is clear that the plaintiff purchased his property in 1986. Robert Rose testified that he blocked plaintiff's access by erecting a wire fence on or about June, 1996. Thus, plaintiff could, at most, establish 10 years of use by him. He claimed that he relied on the use by others prior to his ownership. However, as stated above, there was not sufficient evidence to prove that these others made continuous, uninterrupted use if the easement. CT Page 9865
Judgment must, therefore, enter for the defendant on the second count alleging a prescriptive easement.
Judgment for the defendants on both counts.
D. Michael Hurley, Judge Trial Referee