MICHAEL A. SANDERS *v.* JOSE C. DIAS ET AL.
(AC 28487)

Flynn, C. J., and Robinson and Pellegrino, Js.

---

Argued March 12—officially released June 10, 2008

*William C. Bieluch, Jr.,* for the appellant (plaintiff).

*Joshua A. Winnick,* for the appellees (defendants).

*Opinion*

FLYNN, C. J. The plaintiff, Michael A. Sanders, appeals from the judgment of the trial court in favor of the defendants, Jose C. Dias and Lisa M. Murray, in which the court concluded that the defendants had an easement by implication over a portion of the plaintiff's driveway. On appeal, the plaintiff claims that the court improperly (1) rendered judgment on the basis of a theory that was not pleaded in the defendants' counterclaim, (2) applied the law regarding easements by implication, and (3) granted an overbroad and undefined easement to the defendants. We affirm the judgment of the trial court as to the grant of the easement by implication but remand the case for further proceedings to determine the precise scope and location of that easement.

The court found the following facts, which are not contested. "The lots which the parties own were parts of a subdivision developed by Mario Demelis of Middletown . . . . The subdivision is described in a final subdivision map . . . recorded in the Killingworth land records on April 4, 1972. The subdivision declarations of restrictions and covenants running with the land were filed on August 7, 1975. . . . The subdivision documents and the parties' deeds . . . do not reference an easement or right-of-way in favor of the defendants over the plaintiff's property.

"The defendants' property was developed first by the developer and sold to the defendants' predecessor in

title in 1976. The plaintiff's lot and home [were] subsequently developed and sold to the plaintiff's predecessor in title in 1977. . . . The defendants and their predecessors in title have used the front portion of the driveway located on the plaintiff's property since 1976.

"The subdivision map shows that the driveway for the defendants' lot should be on an area adjacent to lot 10 accessing Quarry Hill Road. The plaintiff's property is essentially situated behind the defendants' lot but with a lengthy [twenty-five] foot wide strip connecting the lot to Quarry Hill Road. The plaintiff's driveway is approximately 600 feet in length. The plaintiff, after purchasing the property in 2003, learned that it appeared that the defendants were encroaching on his property with respect to the use of the portion of his driveway adjacent to Quarry Hill Road. The defendants' driveway encompasses a small portion of the plaintiff's driveway near Quarry Hill Road and then veers off toward the defendants' house." (Citations omitted.)

On May 3, 2005, the plaintiff filed an action for trespass, seeking to enjoin the defendants from continued use of his property. The defendants, in turn, filed a counterclaim seeking a declaratory judgment as to whether they have a right-of-way over the plaintiff's land and the exact location of that right-of-way. After a trial to the court, the court rendered judgment for the defendants on the plaintiff's complaint and for the defendants on their counterclaim, recognizing a right-of-way in favor of the defendants "over the driveway apron located on the plaintiff's property. This right-of-way measures approximately ten feet wide by twenty feet long." This appeal followed.

I

The plaintiff's first claim appears to allege[1] that the court improperly found an easement by implication

---

[1] The plaintiff's brief at times is confusing. Initially, he argues: "The two types of easements that the defendants appear to have requested from the

where the defendants in their counterclaim pleaded only a right-of-way by necessity. He also argues that the defendant did not plead or prove "the existence of a prescriptive easement and therefore none should [have] been found by the trial court." The plaintiff contends that the defendants are bound by their pleadings and that the court improperly rendered judgment for the defendants on the basis of a theory that was not pleaded in their counterclaim. We conclude that this claim lacks merit.

"Once the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein. . . . A judgment upon an issue not pleaded would not merely be erroneous, but it would be void." (Internal quotation marks omitted.) *Kelley* v. *Tomas*, 66 Conn. App. 146, 160–61, 783 A.2d 1226 (2001).

The plaintiff relies on the case of *O'Brien* v. *Coburn*, 39 Conn. App. 143, 664 A.2d 312 (1995), to support his argument. In *O'Brien*, this court reversed the judgment of the trial court, which had found an easement by implication where the plaintiffs had pleaded the elements necessary for a prescriptive easement and not for an implied easement. Id., 148–49. Explaining the elements necessary to prove a prescriptive easement, we stated: "With regard to a prescriptive easement, General Statutes § 47-37 provides: 'No person may

---

trial court are an easement by implication and an easement by necessity." He then argues that an "easement by necessity [is] now known as an easement by implication . . . ." Later in his brief, the plaintiff argues that there was no proof of a prescriptive easement, and "therefore none should [have] been found by the trial court." He then discusses the elements of an easement by prescription in an attempt to demonstrate that one could not be proved in this case. Finally, in his reply brief, the plaintiff argues: "In this case, the trial court held that the defendants-appellees had an easement by implication, which the defendants-appellees had not alleged in their counterclaim." He then states that "[t]he argument of an easement by necessity fails in this action." We have done our best to characterize the defendant's claim and arguments accurately.

acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years.' In Connecticut, therefore, a prescriptive easement is established by proving an open, visible, continuous and uninterrupted use for fifteen years made under a claim of right." (Internal quotation marks omitted.) *O'Brien* v. *Coburn*, supra, 148.

We further explained that "[a]n implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance, and at the time of the conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the latter property. . . . In the absence of common ownership . . . an easement by implication may arise based on the actions of adjoining property owners. . . . There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." (Internal quotation marks omitted.) Id.

Although the plaintiff argues the similarity between the present case and the *O'Brien* case, we find the two cases readily distinguishable. In *O'Brien*, the plaintiffs pleaded a cause of action for a prescriptive easement, claiming that they had "used the . . . driveway in an open and visible manner continuously and uninterrupted, for a period greater than fifteen years, and engaged in such use under a claim of right." (Internal quotation marks omitted.) Id., 148–49. We explained that the complaint specifically did not contain the allegations necessary to establish an easement by implication. Id., 149. In contrast, the defendants in the present case specifically pleaded in their special defense that

they have "a right-of-way over the front portion of the plaintiff's driveway." They further pleaded in their counterclaim that in order for them "to use and enjoy their land, it is necessary that the existence and location of their [right-of-way] over the defendant's land and the extent of permissible use be judicially determined."

Additionally, we note that although there exists a similarity between an easement by necessity and an easement by implication; see *Kelley* v. *Tomas*, supra, 66 Conn. App. 169 n.5; these easements are not identical: "The difference between the two types of easements is that an easement by necessity requires the party's parcel to be landlocked, and an easement by implication does not require that the parcel be landlocked." Id., 170 n.5. The defendants, in their counterclaim and special defenses, did not allege that their parcel was land-locked. We conclude that the allegations in the defendants' pleadings were sufficient to alert the court and the plaintiff that the defendants were claiming an easement by implication. Accordingly, we conclude that the plaintiff's first claim is without merit.

## II

The plaintiff next claims that the court improperly applied the law regarding easements by implication. Specifically, the plaintiff argues that the court improperly applied the unity of title doctrine in this case, which, he argues, the Supreme Court specifically abandoned in *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, 250 Conn. 135, 144–45, 735 A.2d 798 (1999) (en banc). Without the improper application of this doctrine, the plaintiff argues, the court could not have recognized an easement in favor of the defendants. We do not agree.

Initially, we address the plaintiff's assertion that it became improper for the court to consider prior unity of title in implied easement cases after the Supreme Court's decision in *Bolan*. Although the requirements

to establish an easement by necessity once required a showing of unity of ownership; see *Curtin* v. *Franchetti*, 156 Conn. 387, 389, 242 A.2d 725 (1968); in *Bolan*, our Supreme Court eliminated that requirement. See *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, supra, 250 Conn. 144–45. In abrogating that doctrine, however, the Supreme Court did not make it improper to consider that there once existed unity of title in easement cases. See generally *Kelley* v. *Tomas*, supra, 66 Conn. App. 169–70 n.5. Rather, it simply omitted the *requirement* that there be unity of title to establish an easement. Accordingly, we conclude that the court acted properly in considering that there once was unity of title in this case.

We next must decide the appropriate standard of review for a claim challenging the existence of an easement by implication. The plaintiff, in his main appellate and reply briefs, states that the appropriate standard of review is the clearly erroneous standard. During oral argument before this court, however, he argued that our review is plenary. The defendants, in their appellate brief, also contend that we should employ a plenary standard of review in this case but, during oral argument, asserted that a mixed standard of review is necessary. We acknowledge that case law on this issue is somewhat confusing. In *Utay* v. *G.C.S. Realty, LLC*, 72 Conn. App. 630, 806 A.2d 573 (2002), this court stated: "The finding of an easement by implication is a question of law. . . . Our review is, therefore, plenary." (Citation omitted.) Id., 636. In *Gemmell* v. *Lee*, 59 Conn. App. 572, 757 A.2d 1171, cert. denied, 254 Conn. 951, 762 A.2d 901 (2000), however, we explained that "[w]e determine whether the grantor intended to establish an easement by an examination of the deeds, maps and recorded instruments introduced as evidence. Intent as expressed in deeds and other recorded documents is a matter of law. . . . [Additionally, however] [w]e must

. . . examine the facts found by the court as relevant to the establishment of the particular dimensions of the easement." (Citation omitted; internal quotation marks omitted.) Id., 576. In *Perkins* v. *Fasig*, 57 Conn. App. 71, 78–79, 747 A.2d 54, cert. denied, 253 Conn. 925, 754 A.2d 797 (2000), we explained that "[a]lthough the intent of a grantor to create an easement as expressed in deeds, maps and recorded instruments is a question of law, those documents must be considered in light of the surrounding circumstances to determine the nature and extent of the easement." After reversing the judgment of the trial court, because we concluded as a matter of law that the defendants did have implied easements over the land of the plaintiff, we remanded the case to the trial court for further proceedings to make factual determinations as to the nature and extent of those easements. Id., 79.

Recently, our Supreme Court explained: "Although in most contexts the issue of intent is a factual question on which our scope of review is limited . . . the determination of the intent behind language in a deed, considered in the light of all the surrounding circumstances, presents a question of law on which our scope of review is plenary. . . . Nevertheless, [t]he determination of the scope of an easement is a question of fact . . . [and the] decision as to what would constitute a reasonable use of a right-of-way is for the trier of fact whose decision may not be overturned unless it is clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Stefanoni* v. *Duncan*, 282 Conn. 686, 699, 923 A.2d 737 (2007).

In the present case, it is undisputed that the deeds contain no mention of an easement or right-of-way, nor do they contain a reference to any document from which an easement might be implied; accordingly, we must look beyond the deeds to determine whether there exists an easement by implication. In considering the

appropriate standard to employ in looking beyond the deeds, we find very instructive the explanation offered by the Supreme Court in *Stankiewicz* v. *Miami Beach Assn., Inc.*, 191 Conn. 165, 464 A.2d 26 (1983), a case in which "[t]he issue presented [was] confined to a claim of an implied easement to roadways based upon a descriptive reference in a deed to a map [that showed those roadways]." Id., 169 n.6. The court distinguished a situation in which an easement can be inferred because of a reference contained in the deed from a situation in which a deed contains nothing from which such an inference could be drawn. The court explained that in "a situation wherein a conveyor, by deed, transfers a portion of his land and the conveyor's prior use of the land conveyed can give rise to an implied easement in the land conveyed in favor of the land retained . . . the issue is usually a question of fact resting upon a number of considerations. See 3 Powell, Real Property § 411." *Stankiewicz* v. *Miami Beach Assn., Inc.*, supra, 169 n.6; see also *D'Amato* v. *Weiss*, 141 Conn. 713, 718, 109 A.2d 586 (1954) ("[T]he conception underlying the creation of an easement by implication is that the parties are presumed to have intended the grant of an easement. . . . This presumption, however, is one of fact, and whether a grant is to be implied in any given case depends upon the intent of the parties as ascertained from the terms of the deed and the facts of the case." [Citation omitted.]). Accordingly, we conclude that the appropriate standard of review as to the factual determination that there exists an easement by implication in the present case is the clearly erroneous standard.

The plaintiff argues that "there was no deed, map or note indicating any intention with respect to creating an easement for access . . . . To the contrary, the proposed building sketch [in the record] indicates that the access to lot no. 11 was to be located at the other side

of the property alongside lot no. 10 on the subdivision map . . . In this case, there are no documents providing for any rights of access and therefore nothing for the court to construe as to the intention of the parties." Although we agree that there are no documents that evince an intent by the grantor to establish an easement over a portion of the plaintiff's driveway, that is not the only manner in which an easement by implication may be established. See *Stankiewicz* v. *Miami Beach Assn., Inc.*, supra, 191 Conn. 169 n.6; *D'Amato* v. *Weiss*, supra, 141 Conn. 718.

"An implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance, and at the time of the conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the latter property. . . . We examine two principal factors in determining whether an easement by implication has arisen. . . . First, we look to the intention of the parties and, second, we consider whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." (Citations omitted; internal quotation marks omitted.) *Martin Drive Corp.* v. *Thorsen*, 66 Conn. App. 766, 776, 786 A.2d 484 (2001).

The court found that both the plaintiff's and the defendants' lots had been owned and developed by Demelis as part of a subdivision. The defendants' lot was developed first and sold to the defendants' predecessor in title in 1976. The plaintiff's lot was developed and sold to the plaintiff's predecessor in title in 1977. Neither the subdivision documents nor the parties' deeds contain any reference to an easement or right-of-way in favor of the defendants over the plaintiff's property. Although the subdivision map shows the driveway for the defendants' lot on the opposite side of their property, away from the plaintiff's driveway, the driveway

on the map was never constructed by the developer. The court also found that the defendants and their predecessors in title always have used the front portion of the plaintiff's driveway for access to their property. On the basis of these findings, the court concluded that at the time the parcels were severed, "an apparently permanent and obvious servitude (an easement or right-of-way over a small portion of the driveway for lot 12) was imposed in favor of the defendants' predecessors in title."

In evaluating the reasonably necessary factor for an easement by implication, we have explained: "[I]n so far as necessity is significant [for an easement by implication] it is sufficient if the easement is highly convenient and beneficial for the enjoyment of the dominant estate." (Internal quotation marks omitted.) *Gemmell* v. *Lee*, supra, 59 Conn. App. 577. The court, in examining the reasonable necessity element, found that the defendants were credible in their testimony that it would cost more than $22,000 to construct a driveway on their own property and that because of ledge, blasting would have to be done. Although the plaintiff complains on appeal that the court accepted the testimony of the defendants, issues of credibility are for the trier of fact, and we, on appeal, cannot evaluate the credibility of the witnesses. See *Bristol* v. *Tilcon Minerals, Inc.*, 284 Conn. 55, 65, 931 A.2d 237 (2007) ("[I]n a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . On appeal, we do not retry the facts or pass on the credibility of witnesses." [Internal quotation marks omitted.]).

After hearing the testimony and reviewing the other evidence, the court found that "based on the significant cost of relocating a driveway to the defendants' home, the risks associated with the blasting near the defendants' home, the limited impact . . . on the plaintiff's

property . . . the grade of the defendants' property, and safety issues associated with the construction of a steep driveway," the easement was "reasonably necessary for the fair enjoyment of the defendants' property." A review of the evidence presented indicates that the court's factual findings have support in the record. Accordingly, they are not clearly erroneous.

## III

The plaintiff's final claim is that the court improperly granted an overbroad and undefined easement to the defendants. We agree.

"The determination of the scope of an easement is a question of fact. . . . [W]e have stated that [t]he use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit. . . . The decision as to what would constitute a reasonable use of a right-of-way is for the trier of fact whose decision may not be overturned unless it is clearly erroneous." (Internal quotation marks omitted.) *First Union National Bank* v. *Eppoliti Realty Co.*, 99 Conn. App. 603, 608, 915 A.2d 338 (2007).

In this case, the court specifically "awarded judgment recognizing a right-of-way over the driveway apron located on the plaintiff's property. This right-of-way measures approximately ten feet wide by twenty feet long." The judgment did not define the scope of the easement or the precise location of the ten foot wide easement within the plaintiff's twenty-five foot wide driveway.

In other cases in which a trial court has failed to determine the precise scope of a remedial order, the Supreme or Appellate Courts have remanded the matter to the trial court for further proceedings to determine the precise remedy. See, e.g., *McBurney* v. *Cirillo*, 276

Conn. 782, 823, 889 A.2d 759 (2006) (remanding for determination of scope of implied easement); *A & M Realty* v. *Dahms*, 217 Conn. 95, 103, 584 A.2d 466 (1991) (affirming judgment but remanding for modification of monetary award); *First Union National Bank* v. *Eppoliti Realty Co.*, supra, 99 Conn. App. 611 (remanding for determination of scope of easement by necessity); *Simone* v. *Miller*, 91 Conn. App. 98, 112, 881 A.2d 397 (2005) (remanding for determination of scope of right-of-way); *Detar* v. *Coast Venture XXVX, Inc.*, 74 Conn. App. 319, 324, 811 A.2d 273 (2002) (remanding with direction to recalculate damages); *Glasson* v. *Portland*, 6 Conn. App. 229, 237, 504 A.2d 550 (1986) (remanding for hearing on nature and scope of injunction). Accordingly, in this case a remand is necessary for the court to determine the precise scope and exact location of the defendants' easement by implication over a portion of the plaintiff's driveway.

The judgment is affirmed as to the grant of the easement by implication and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.