## MICHAEL A. SANDERS *v.* JOSE C. DIAS ET AL.
### (AC 30722)

DiPentima, Robinson and Alvord, Js.*

Argued January 21—officially released April 20, 2010

*Joshua A. Winnick,* for the appellants (defendants).

*William C. Bieluch, Jr.,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. On May 3, 2005, the plaintiff, Michael A. Sanders, filed an action for trespass, seeking to enjoin the defendants, Jose C. Dias and Lisa M. Murray, from using a portion of his driveway. The court, *McWeeny, J.,* found an easement in favor of the defendants over a portion of the plaintiff's driveway measuring approximately ten feet wide by twenty feet long. See *Sanders v. Dias,* Superior Court, judicial district of Middlesex, Docket No. CV-05-4002743-S (December 28, 2006), aff'd, 108 Conn. App. 283, 947 A.2d 1026 (2008). This court affirmed the judgment but remanded the case "for the [trial] court to determine the precise scope and the

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

exact location of the defendants' easement by implication over a portion of the plaintiff's driveway." *Sanders* v. *Dias*, 108 Conn. App. 283, 296, 947 A.2d 1026 (2008).

In its supplemental judgment, the court stated that the scope of the easement is "for vehicles or pedestrian access from Quarry Hill Road over the plaintiff's driveway to the defendant's driveway; where it intersects plaintiff's driveway," and defined the location of the easement as follows: "The easement begins at the iron peg on the Northeast point where the plaintiff's driveway intersects with Quarry Hill Road. It extends westerly 10 feet; then southerly 20 feet along the property line dividing plaintiff and defendant's property. The properties are identified as 11 and 12 on Map 530, entitled Final Plan of Old Mill Hill Subdivision dated 1/12/1972, Recorded 4/4/1973, in the Killingworth Land Records." The defendants filed this appeal, claiming that the supplemental judgment does not comply with this court's remand order. We agree.

We have carefully reviewed map 530 and the other maps submitted by the parties as evidence and determined that the court's supplemental judgment does not provide an adequate description of the easement's location. We, therefore, vacate the court's supplemental judgment as to the location of the easement and remand the matter for a full evidentiary hearing to determine the exact location of the easement pursuant to *Sanders* v. *Dias*, supra, 108 Conn. App. 283. See *Lega Siciliana Social Club, Inc.* v. *St. Germaine*, 91 Conn. App. 328, 332, 880 A.2d 195, cert. denied, 276 Conn. 913, 886 A.2d 425 (2005). The trial court may find it necessary to order the parties to submit surveys or any other materials to properly and specifically define the easement's location.

The supplemental judgment as to the location of the easement is vacated and the case is remanded for further proceedings consistent with this opinion. The supplemental judgment is affirmed in all other respects.