MONIKA THOMAS *v.* MARTHA COLLINS ET AL.
(AC 31755)

DiPentima, C. J., and Beach and Borden, Js.

Argued February 17—officially released June 28, 2011

*Lawrence S. Dressler*, for the appellant (substitute plaintiff).

*George E. Mendillo*, for the appellees (defendants).

Opinion

DiPENTIMA, C. J. The substituted plaintiff, E & M Custom Homes, LLC,[1] appeals from the judgment of the trial court granting the motion filed by the defendants, Martha Collins and Roland Johnson and Melba G. Johnson (Johnsons), to dismiss its action to quiet title and to

___

[1] On September 26, 2005, Monika Thomas conveyed her interest in the contested portions of the subject properties to E & M Custom Homes, LLC. Subsequently, on June 5, 2006, the court granted Thomas' motion to substitute as the party plaintiff E & M Custom Homes, LLC, which holds record title to the disputed portions of the properties. All references to the plaintiff in this opinion are to the substituted plaintiff, E & M Custom Homes, LLC.

eject the defendants from two portions of two different parcels of real property. On appeal, the plaintiff claims that the court erroneously found that (1) its predecessor in title was ousted from possession of the two disputed portions of property and (2) easements by implication had arisen in favor of the defendants. We affirm the judgment of the court.

Prior to trial, the parties stipulated to the following pertinent facts. "At all relevant times prior to April 16, 1990, Francis M. McWeeney, Jr., owned a tract of land located on Bucks Hill Road and Grassy Hill Road in Waterbury, now known as 'Whispering Knolls' subdivision. . . . The tract of land included four lots which are at issue in the instant action.[2] . . . On or about April 16, 1990, Francis M. McWeeney, Jr., conveyed the lot known as 660 Bucks Hill Road . . . to his son, Francis M. McWeeney III, and [Lori][3] A. McWeeney. . . . On or about March 1, 1993, Francis M. McWeeney, Jr., stated to Francis M. McWeeney III that [a portion of property that encroached 12.8 feet onto lot 2] was part of the [lot at 660 Bucks Hill Road]. . . . On or about March 1, 1993, Francis M. McWeeney [III] and Lori A. McWeeney constructed a shed and chain link fence on [that portion of the property which encroached 12.8 feet onto lot 2]. . . . On December 31, 2001, Francis M. McWeeney III and Lori A. McWeeney conveyed 660 Bucks Hill Road to . . . Collins."

The parties also stipulated: "In 1991, Francis M. McWeeney, Jr., constructed a residential dwelling and driveway on the lot . . . known as 644 Bucks Hill Road.

---

[2] The lot located at 644 Bucks Hill Road is owned by the Johnsons and it abuts the lot referred to as lot 1. The lot located at 660 Bucks Hill Road is owned by Collins and it abuts the lot referred to as lot 2. Both lots 1 and 2 are owned by the plaintiff.

[3] Although the stipulated facts alternate between the spelling "Laurie" and "Lori" A. McWeeney, the deed conveying 660 Bucks Hill Road to Collins spells the name "Lori."

The driveway was situated in part approximately 14 feet onto the adjacent lot 1 . . . . At all times between July 10, [1991][4] and the date hereof, the driveway . . . has been the only access from Bucks Hill Road to and from the garage at 644 Bucks Hill Road. . . . On June 13, 1995, Francis M. McWeeney, Jr., conveyed 644 Bucks Hill Road to the Johnson[s] together with appurtenances, including the part of the driveway . . . located on lot 1 . . . . In September, 2003, Francis M. McWeeney, Jr.'s estate sold lot 1 and lot 2 to Whispering Knolls Development, LLC."[5]

At trial and after the plaintiff rested, the defendants submitted to the court a motion to dismiss for failure to make out a prima facie case. See Practice Book § 15-8. The defendants argued that because the plaintiff had admitted in its pleadings that its predecessor in title, the estate of Francis M. McWeeney, Jr., had been ousted from possession of the disputed portions of the two lots, and that the deeds purporting to convey those portions of property to the plaintiff were void pursuant to General Statutes § 47-21,[6] the plaintiff had failed to establish an interest in the contested portions of property sufficient to maintain its action under General Statutes § 47-31.[7] The court heard argument on the

---

[4] The date listed in the stipulated facts is July 10, 2001. At trial, however, Roland Johnson testified that prior to his purchase of 644 Bucks Hill Road in 1995, the daughter of Francis M. McWeeney, Jr., lived in the house and used the driveway, which was first paved in 1991.

[5] The record reveals that Whispering Knolls Development, LLC, conveyed, by warranty deed, its interest in lots 1 and 2 to Monika Thomas, who then, on September 26, 2005, conveyed her interest to the plaintiff.

[6] General Statutes § 47-21 provides in relevant part: "Any conveyance . . . of any building, land or tenement, of which the grantor or lessor is ousted by the entry and possession of another, unless made to the person in actual possession, shall be void."

[7] General Statutes § 47-31 (b) provides in relevant part: "The complaint in [any action brought under this statute] shall describe the property in question and state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the claim, interest or title . . . ."

defendants' motion to dismiss at the conclusion of trial. In its memorandum of decision addressing the motion to dismiss and the defendants' special defenses and counterclaims, the court found that "the plaintiff [did not have a] sufficient interest in either of the disputed strips to maintain [its] action for clear title as to either defendant." In adjudicating the defendants' counterclaims, it concluded that Collins had established an easement by implication over the property containing the shed and chain-link fence that encroached onto lot 2, and the Johnsons had established an easement by implication over the portion of the driveway that encroached on lot 1 and that serviced the garage located at 644 Bucks Hill Road. This appeal followed.

I

The plaintiff first claims that the court improperly concluded that it had failed to prove that it had sufficient interest in the contested portions of property to maintain its action under § 47-31. Specifically, the plaintiff claims that the court's finding of ouster under § 47-21 was clearly erroneous because there was no evidence at trial that the defendants were in possession of their respective portions of the contested properties "under 'color of right.' " In reply, the defendants contend that the plaintiff is bound by its pleadings in which it admitted that its predecessor in interest, the estate of Francis M. McWeeney, Jr., was ousted from possession of the contested portions of property. We agree with the defendants.

The plaintiff's claim requires us to interpret the pleadings to determine if there was an admission of ouster. "Construction of the effect of pleadings is a question of law and, as such, our review is plenary." (Internal quotation marks omitted.) *Young* v. *Vlahos*, 103 Conn. App. 470, 476, 929 A.2d 362 (2007), cert. denied, 285 Conn. 913, 943 A.2d 474 (2008). In the plaintiff's answer

to the defendants' special defenses and counterclaims, it admitted paragraphs three, four and eight of Collins' first defense and paragraph seven of Johnsons' first defense. Those paragraphs of the special defenses explicitly state that the estate of Francis M. McWeeney, Jr., "had been ousted from possession" of the contested portions of lots 1 and 2 prior to the estate's conveyance of said lots to Whispering Knolls Development, LLC, the plaintiff's predecessor in title. "The admission of the truth of an allegation in a pleading is a judicial admission conclusive on the pleader. . . . A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it." (Internal quotation marks omitted.) *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 670–71, 931 A.2d 348, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007). Having admitted to the estate's ouster from possession in its pleadings, the plaintiff cannot now claim that there was insufficient evidence adduced at trial to support such a finding. "An admission in pleading dispenses with proof, and is equivalent to proof." (Internal quotation marks omitted.) *MacDonald* v. *Pinto*, 62 Conn. App. 317, 321, 771 A.2d 156 (2001). "It is axiomatic that the parties are bound by their pleadings." (Internal quotation marks omitted.) *Rudder* v. *Mamanasco Lake Park Assn., Inc.*, 93 Conn. App. 759, 769, 890 A.2d 645 (2006). We conclude, therefore, that the plaintiff's claim is without merit.

## II

The plaintiff next claims that the court erroneously found that the defendants had acquired easements by implication over the contested portions of property. We disagree.[8]

---

[8] Citing to *Marquis* v. *Drost*, 155 Conn. 327, 334, 231 A.2d 527 (1967), the defendants assert that "[h]aving failed to prove [its] own title, the [plaintiff is] not permitted to question that of the defendant[s], nor to assign as error the rulings of the trial court relating thereto." We are not persuaded. In

We first set forth our standard of review and the legal principles that govern easements by implication in this jurisdiction. "[T]he conception underlying the creation of an easement by implication is that the parties are presumed to have intended the grant of an easement. . . . This presumption, however, is one of fact . . . ." (Citation omitted.) *D'Amato* v. *Weiss*, 141 Conn. 713, 718, 109 A.2d 586 (1954). Because the parties agree that none of the pertinent deeds contains any reference to an easement, we review the court's factual determination that the defendants acquired easements by implication under the clearly erroneous standard.[9] See *Sanders* v. *Dias*, 108 Conn. App. 283, 291–92, 947 A.2d 1026 (2008).

"The principle underlying the creation of an easement by implication is that it is so evidently necessary to the reasonable enjoyment of the granted premises, so continuous in its nature, so plain, visible, and open, so manifest from the situation and relation of the two tracts that the law will give effect to the grant according to the presumed intent of the parties." (Internal quotation marks omitted.) *Rischall* v. *Bauchmann*, 132 Conn. 637, 645, 46 A.2d 898 (1946). Thus, "in determining whether an easement by implication has arisen, we examine: (1) the intention of the parties, and (2) [whether] the easement is reasonably necessary for the

---

*Marquis*, the plaintiffs, whose only claim to a disputed portion of property was grounded in adverse possession, were determined to have "no title or interest" in the disputed portion of property. Id. Although in the present case the court found that the plaintiff had failed to establish *a sufficient interest* in the contested portions of property to maintain an action to eject the defendants or to quiet title under § 47-31, the court determined that the plaintiff does have record title to the contested portions of property.

[9] "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Waterview Site Services, Inc.* v. *Pay Day, Inc.*, 125 Conn. App. 561, 566–67, 11 A.3d 692 (2010), cert. denied, 300 Conn. 910, 12 A.3d 1005 (2011).

use and normal enjoyment of the dominant estate." (Internal quotation marks omitted.) *McBurney* v. *Cirillo*, 276 Conn. 782, 800, 889 A.2d 759 (2006), overruled in part on other grounds by *Batte-Holmgren* v. *Commissioner of Public Health*, 281 Conn. 277, 284–89, 914 A.2d 996 (2007).

After a thorough review of the record and the plaintiff's claims, we conclude that the court was not clearly erroneous in finding that Collins and the Johnsons had acquired easements by implication. With respect to the Johnsons, the parties stipulated to the fact that the driveway was built in 1991, and it provides the only access to the garage at 644 Bucks Hill Road. Roland Johnson testified that without the use of the driveway, it would be impossible for him to access his garage without first reconfiguring its layout, a task estimated to cost thousands of dollars and involve the destruction of his porch. We previously have concluded that facts similar to these support a finding of reasonable necessity. See *Sanders* v. *Dias*, supra, 108 Conn. App. 294–95. Additionally, the plaintiff stipulated to the fact that Francis M. McWeeney, Jr., told the Johnsons prior to their purchase of 644 Bucks Hill Road that they would have use of the driveway to access their garage, which supports the court's finding that Francis M. McWeeney, Jr., intended to grant the Johnsons an easement over the driveway.

Likewise, the record supports the court's finding that Collins had acquired an easement by implication. Francis M. McWeeney III testified that he erected the shed and chain-link fence after Francis M. McWeeney, Jr., gave him permission to do so, and the parties stipulated to the fact that at all times after the shed and fence were erected, Francis M. McWeeney, Jr., acquiesced in such use of the contested portion of property. On the basis of this evidence, the court was not clearly errone-

ous in concluding that Francis M. McWeeney, Jr., and Francis M. McWeeney III intended the grant of an easement.

In addition, Edmund Thomas, a member of the plaintiff, testified that at the time that lot 2 was conveyed to Whispering Knolls Development, LLC, and then later to the plaintiff, both entities were aware that the shed and chain-link fence encroached on lot 2. Nevertheless, the land on lot 2 immediately behind the shed and chain-link fence was cleared and elevated for development. "In the absence of common ownership . . . an easement by implication may arise based on the actions of adjoining property owners." *Kenny* v. *Dwyer*, 16 Conn. App. 58, 64, 546 A.2d 937, cert. denied, 209 Conn. 815, 550 A.2d 1084 (1988). The court was not clearly erroneous in concluding that such activity indicated that the developer of lot 2 had acquiesced in Collins' use of the contested portion of property, and such a conclusion supports the court's finding under the intent prong.

The reasonably necessary inquiry is satisfied "if the easement is highly convenient and beneficial for the enjoyment of the dominant estate." (Internal quotation marks omitted.) *Sanders* v. *Dias*, supra, 108 Conn. App. 294. Collins testified that she keeps firewood next to the shed and stores patio furniture and her lawnmower and grill in the shed. Collins further testified that a gate in the chain-link fence provides the only access to a certain portion of her property, and that she must use this gate in order to mow the lawn in that portion of her property. The court found this testimony credible. Under these circumstances, we conclude that the court was not clearly erroneous in finding that the defendants had acquired easements by implication.

The judgment is affirmed.

In this opinion the other judges concurred.